Filed 1/24/14  P. v. Reynolds CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>SPENCER DEAN REYNOLDS,<br><br>        Defendant and Appellant. | C072985<br><br>(Super. Ct. No. CM035404) |

Defendant Spencer Dean Reynolds entered a plea of no contest to foreign object penetration on a victim under the age of 18 years (Pen. Code, § 289, subd. (h); count five).[1]  The remaining counts and allegations (forcible rape, foreign object penetration by force or violence, two counts of sexual battery, and personal use of a deadly weapon) were dismissed with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754

---

[1]     Undesignated section references are to the Penal Code.

1

(*Harvey*).[2]  The court sentenced defendant to state prison for the midterm of two years and ordered him to register as a sex offender.

Defendant appeals.  He contends the trial court stated inadequate reasons for ordering him to register as a sex offender, specifically reasons for requiring lifetime registration.  He also contends insufficient evidence supports the implied finding that he is likely to reoffend.

The People respond that remand is required for the trial court to state reasons for its exercise of discretion in ordering sex offender registration.  We agree that remand is required.

FACTS

On May 10, 2011, the 20-year-old defendant met 16-year-old C.E. on the street in Oroville.  C.E. claimed she had run away from home and led defendant to believe that she was 18 or 19 years of age.  They visited defendant's friend who loaned a sleeping bag to them.  While waiting for defendant, C.E. consumed several shots of rum.  Defendant and C.E. went to Bedrock Park.  C.E. claimed defendant threatened her, grabbed her hand and had her rub his penis, digitally penetrated her, had sexual intercourse with her without using a condom, ejaculated in her, and sodomized her.  She claimed defendant had a folding knife which he had pointed at her stomach.  She denied the acts were consensual.  C.E. seemed developmentally delayed to the investigating officer.

Defendant admitted that he kissed C.E. on the neck and breasts and digitally penetrated her, and that she fondled his penis.  He claimed the acts were consensual.  He denied any other sexual acts.  He had a folding knife when an officer spoke with him two days after the offenses.

---

[2]  Defendant also entered a guilty plea to carrying a dirk or dagger, a misdemeanor (former § 12020, subd. (a)(4) [now § 21310]), in case No. SCR83465, and the remaining count (Health & Saf. Code, § 11357, subd. (b)) was dismissed with a *Harvey* waiver.

DNA evidence was consistent with oral contact by a male on C.E.'s neck. C.E. refused to allow vaginal and rectal swabs to be taken. Tested for DNA, her underwear did not reveal any evidence.

DISCUSSION

At sentencing, the trial court ordered defendant to register as a sex offender, finding that defendant committed the offense for the purposes of sexual gratification. Defendant contends, the People concede, and we agree that the finding for discretionary sexual offender registration is inadequate. The People argue remand is required while defendant argues insufficient evidence supports discretionary registration so that the requirement should be stricken. We conclude that remand is required.

**Background**

The probation officer reported that a "Static 99" test was completed several days before sentencing and that defendant tested at a moderate to high risk of reoffending. After committing the current offense, defendant was caught at Bedrock Park with another female juvenile and he was carrying a knife.

At sentencing, defense counsel requested that the court reduce the offense to a misdemeanor. Defense counsel also argued registration was not warranted because defendant engaged in digital penetration with the victim who defendant believed was 19 years of age. The prosecutor opposed reduction to a misdemeanor and argued that registration was necessary. The prosecutor claimed defendant took advantage of a 16-year-old girl who was a stranger, had the mental capacity of a 12 year old which should have been apparent to defendant when he spoke with her, and had been given alcohol. Defense counsel claimed the victim was not mentally disabled but may have had a schizoaffective disorder that led her to claim rape.

The court denied defendant's request to reduce the offense to a misdemeanor. Although the court found persuasive the sexual assault examiner's opinion that her physical findings did not support the victim's claim of sexual intercourse, the court noted

3

that defendant admitted during his interview that he digitally penetrated the victim and had other contact with the victim (he kissed her neck and breasts and let the victim fondle his penis). In imposing the midterm of two years, the court found in aggravation that the minor was a runaway and was vulnerable due to her reduced mental health capacity, and in mitigation that defendant was youthful with no prior record. In ordering defendant to register as a sex offender, the court adopted the findings made previously and found that defendant committed the offense for the purpose of sexual gratification.

Defendant's Static 99 score was discussed in connection with postrelease supervision.[3] The probation officer noted defendant's score was "moderate [to] high." Defense counsel noted the Static 99 score but complained that he did not know who had administered it. The court did not make a finding for purposes of postrelease supervision as to whether defendant posed a high risk as a sex offender.

**Analysis**

For persons convicted of specified offenses, sex offender registration is mandatory. (§ 290, subd. (c).) For persons convicted of an offense not specified in section 290, subdivision (c), sex offender registration is discretionary with the trial court (§ 290.006).[4]

Even though section 289 is listed in section 290, defendant's offense is similar for equal protection purposes to unlawful sexual intercourse which does not require

---

**3** The People state that the record reflects confusion over the availability of defendant's Static 99 score at sentencing and that the risk score "is not noted in the record on appeal." Even though no details were given, the probation report noted that a Static 99 had been completed and defendant's risk level was moderate to high.

**4** Former section 290, subdivision (a)(2)(E) set forth discretionary sex offender registration. (Stats. 1994, ch. 865, § 1, p. 4317.) Discretionary registration is now set forth in section 290.006.

mandatory registration. (*People v. Picklesimer* (2010) 48 Cal.4th 330, 341-342; *People v. Hofsheier* (2006) 37 Cal.4th 1185, 1195, 1198-1199, 1206-1207 (*Hofsheier*); *People v. Ranscht* (2009) 173 Cal.App.4th 1369, 1372, 1375.) Thus, registration for defendant's offense is required only if ordered at sentencing (§ 290.006).

In imposing discretionary registration pursuant to section 290.006, "the trial court must engage in a two-step process: (1) it must find whether the offense was committed as a result of sexual compulsion or for purposes of sexual gratification, and state the reasons for these findings; and (2) it must state the reasons for requiring lifetime registration as a sex offender. By requiring a separate statement of reasons for requiring registration even if the trial court finds the offense was committed as a result of sexual compulsion or for purposes of sexual gratification, the statute gives the trial court discretion to weigh the reasons for and against registration in each particular case." (*Hofsheier, supra*, 37 Cal.4th at p. 1197.)

We review a trial court's order imposing discretionary registration for abuse of discretion. "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

In ordering defendant to register under section 290.006, the trial court made one of the required findings. While the court found that defendant committed the offense for the purpose of sexual gratification, the court did not state reasons for requiring lifetime registration as a sex offender. The court did not "weigh the reasons for and against registration . . . ." (*Hofsheier, supra*, 37 Cal.4th at p. 1197.) Without these articulated reasons, we cannot determine whether the trial court properly exercised its discretion in ordering defendant to register. (See *People v. Bonnetta* (2009) 46 Cal.4th 143, 151-152 [discussing purpose of requirement of statement of reasons for ordering dismissal under § 1385].)

We agree with the People that remand is appropriate to permit the court to state reasons for ordering lifetime registration for defendant. We reject defendant's argument that the record is devoid of facts that would provide reasons for registration. Although no details were given, the probation report noted that on the Static 99, defendant tested at a moderate to high risk of reoffending. The probation report also noted that after the current offense, defendant was caught by the police in the same park with another female juvenile. Defendant was found in possession of a knife at the time.

"Since the purpose of sex offender registration is to keep track of persons likely to reoffend, one of the 'reasons for requiring registration' under section 290.006 must be that the defendant is likely to commit similar offenses – offenses like those listed in section 290 – in the future. [Citation.] [¶] The registerable crimes listed in section 290, subdivision (c) may be characterized generally as sexual offenses committed by means of force or violence, violent offenses committed for sexual purposes, sexual offenses committed against minors, or offenses that involve the sexual exploitation of minors." (*Lewis v. Superior Court* (2008) 169 Cal.App.4th 70, 78.)

While there is some evidence in the record suggesting that defendant is likely to reoffend, the record also reflects that defendant had no prior criminal record and was youthful (20 years old at the time of the offense) and that the victim led defendant to believe that she was 18 or 19 years of age. It is for the trial court, not this court, in the first instance to consider the likelihood defendant will reoffend and, if so, state reasons for requiring lifetime registration as a sex offender to facilitate meaningful appellate review of whether the trial court abused its discretion.

## DISPOSITION

The trial court's order requiring defendant to register as a sex offender is set aside and the matter is remanded to the trial court for the limited purpose of determining whether to order defendant to register as a sex offender and to state all of the required reasons. In all other respects, the judgment is affirmed.


                                                                                 \_\_BLEASE_____, J.


We concur:


\_\_RAYE_____, P. J.


\_\_MURRAY_____, J.

7