[No. H032621. Sixth Dist. Dec. 15, 2008.]

PHILANDER LEWIS, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Paul Couenhoven, under appointment by the Court of Appeal, for Petitioner.

No appearance for Respondent.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Martin S. Kaye and Christopher W. Grove, Deputy Attorneys General, for Real Party in Interest.

**O**PINION

**PREMO, J.—**

## I. Introduction

In 1987, a jury convicted Philander Lewis of two counts of oral copulation with a minor under the age of 18. (Pen. Code, § 288a, subd. (b)(1).)[1] The trial court placed Lewis on probation and ordered him to register as a sex offender as required by section 290. Twenty years later, Lewis filed a motion in the superior court asking the court to lift the lifetime registration requirement. Relying upon the California Supreme Court's decision in *People v. Hofsheier* (2006) 37 Cal.4th 1185 [39 Cal.Rptr.3d 821, 129 P.3d 29] (*Hofsheier*), Lewis argued that mandatory sex offender registration for a section 288a, subdivision (b)(1) conviction was a violation of his right to equal protection of the law. The People conceded the point but argued that the court was entitled to continue the registration requirement under the discretionary registration statute. (§ 290.006.) The superior court agreed with the People and denied the motion. Lewis appeals from that order.

A threshold concern is whether the superior court had authority to hear a motion filed 20 years after the judgment was final. In light of that concern, we have chosen to treat the instant matter as a petition for writ of mandate. In so doing, we conclude that Lewis is entitled to the relief he sought.

## II. Factual and Procedural Background[2]

All the crimes for which Lewis was convicted concerned a 1986 incident between the 22-year-old Lewis and a 17-year-old acquaintance. The victim testified at the preliminary examination that she, Lewis, and her cousin Allen Beasley, left a party one evening shortly after Christmas. They drove around sharing freebase cocaine. When they came to an apartment complex about 10 or 11 blocks from the victim's home, they parked the car. Lewis got out of the car and Beasley asked the victim to orally copulate him, which she did. Beasely then got out of the car and Lewis got in. He asked the victim to do the "same thing" to him. The victim told him she wanted to go home and Lewis told her he would take her home after she orally copulated him. When

---

[1] Further section references are to the Penal Code.

[2] Since there is no trial transcript, we take our synopsis of the facts from the probation report and the transcript of the preliminary examination.

asked at the preliminary hearing if Lewis had "push[ed] [her] head down on his penis," the victim said "yes." After the victim complained to the police about the incident, Lewis told the victim he would give her $100 if she would drop the charges. The victim had not told Lewis how old she was. She had a boyfriend at the time who was the same age as Lewis.

Lewis was charged with two counts of oral copulation with a minor under the age of 18 (§ 288a, subd. (b)(1); counts 1 & 2), two counts of oral copulation against the victim's will by means of force, violence, duress, menace or fear of bodily injury (§ 288a, subd. (c)(2); counts 3 & 4), and one count of bribing a witness (§ 137, subd. (a)).

We do not know how the victim testified at trial since there is no transcript in the record. We do know that the trial court granted Lewis's motion for acquittal (§ 1118.1) on counts 3 and 4, after concluding that the prosecution's evidence was insufficient to sustain a conviction of forcible oral copulation. The jury found Lewis guilty of the two counts of voluntary oral copulation (§ 288a, subd. (b)(1)) but could not reach a verdict on the bribery count. At sentencing, the trial court ordered Lewis to "register pursuant to Section 290 of the Penal Code."

In 2006, the Supreme Court decided *Hofsheier, supra,* 37 Cal.4th 1185. Prior to *Hofsheier,* a person convicted of voluntary oral copulation with a minor (§ 288a, subd. (b)(1)) was subject to the mandatory lifetime registration requirement of section 290, but registration was not mandatory for a person convicted of having sexual intercourse with a minor. (§§ 288a, subd. (b)(1), 261.5; *Hofsheier, supra,* at pp. 1194–1198.) *Hofsheier* found the two types of offenders sufficiently similar to require a rational justification for the different registration requirements. (*Hofsheier, supra,* at pp. 1199–1207.) Finding none, the court held that mandatory registration for a violation of section 288a, subdivision (b)(1) violated the constitutional guarantee of equal protection of the law. (*Hofsheier, supra,* at pp. 1192–1193, 1207.)

On November 28, 2007, Lewis filed a motion in the superior court seeking to set aside the order requiring him to register under section 290. Lewis argued that *Hofsheier, supra,* 37 Cal.4th 1185, was directly applicable to his case since he was convicted only of voluntary oral copulation. He also maintained that discretionary registration under section 290.006 was not warranted because had not committed a registerable offense in the 20 years since his conviction.

The People conceded "the *Hofsheier* aspect" of the motion but argued, based upon the record of his conviction, such as it was, and Lewis's subsequent criminal history, that the court should continue to require registration under section 290.006, which gives the court discretion to order a person to register "if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification" and the court states on the record "the reasons for its findings and the reasons for requiring registration." Lewis's criminal record included one misdemeanor conviction for failure to register as a sex offender in 1995, two misdemeanor convictions for soliciting prostitution in 1988 and 1993, a narcotic sales conviction, several felonies for possession of a controlled substance, and a misdemeanor domestic violence conviction. The prosecutor argued that, in light of this record, the community had a substantial interest in knowing Lewis's whereabouts in the future so that continued registration as a sex offender was warranted.

The prosecutor also argued that the *jury's* not guilty finding on the aggravated charges had been made under the reasonable doubt standard, implying that the court could consider the evidence of force, duress, menace, or fear that appeared in the record. In so arguing, the prosecutor must have relied upon the probation report, which inaccurately noted that Lewis had been found not guilty by the jury of counts 3 and 4. The clerk's minutes clearly show that Lewis's acquittal of the forcible oral copulation charges was the result of the trial court's ruling under section 1118.1 that the evidence was insufficient, as a matter of law, to support a conviction on those charges.

The superior court denied Lewis's motion to lift the registration requirement, stating, "First of all, the court is going to make a finding that the crime was committed for the purpose of sexual gratification. [¶] I am then going to make a finding that the defendant took advantage of the victim's vulnerable position; specifically, that she was 17, and that she was alone in a car with two males. [¶] So, I am, once again, deferring to the jury's finding with respect to the duress and force. However, the defendant—it appears to the court that the victim was clearly vulnerable at that point. [¶] And I'm also going to make a finding that the defendant's duty to register is not to be construed as punishment, but, rather, for protection of the public." This appeal followed.

### III. DISCUSSION

#### A. *The Procedure*

We initially questioned whether the superior court had the power to entertain a motion in a case that has so long been final.[3] We solicited supplemental briefs from the parties on the point. The Attorney General concedes that the mandatory registration requirement is unconstitutional as applied to Lewis and that there must be some procedure to remedy the unconstitutionality but offers no suggestion as to how to proceed. The Attorney General has raised no objection to our considering the merits of this appeal.

Citing *People v. Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040], Lewis contends that the superior court has continuing jurisdiction to remedy a sentence that is "unauthorized" as a matter of law. Lewis points out that it is undisputed that the mandatory registration requirement was unauthorized. Furthermore, there was no provision in 1987 that gave a court discretion to impose a registration requirement in cases where the mandatory requirement did not apply. That provision, which is now section 290.006, was not enacted until 1994.[4] Thus, since mandatory registration for his section 288a, subdivision (b)(1) conviction was unconstitutional, and the 1987 trial court had no discretion to impose a registration requirement at all, the 1987 order was void and may be attacked at any time.

At oral argument, defendant's counsel took a somewhat different tack, arguing that section 290.006 confers jurisdiction upon the court to entertain a motion to lift the registration requirement any time postjudgment. Counsel argued that a petition for writ of mandate would be inappropriate where the relief requested called for the exercise of discretion. Counsel also maintained that insisting upon a proper writ petition in this case would be to elevate form over substance.

■ We are not convinced that a noticed motion is an appropriate remedy. There is no statutory authority for a trial court to entertain a postjudgment

---

[3] The Supreme Court currently has before it the question of whether, after a judgment is final, a superior court has jurisdiction to entertain a *motion* to vacate an order requiring a defendant to register as a sex offender. (*People v. Picklesimer*, review granted Oct. 16, 2008, S165680.)

[4] The discretionary registration requirement was formerly found in section 290, subdivision (a)(2)(E). (Stats. 1994, ch. 865, § 1, p. 4317.) The registration statutes have since been renumbered. The mandatory lifetime sex offender registration requirement is now found in section 290, subdivision (c). (Stats. 2007, ch. 579, § 8, p. 3741.) The discretionary provision is found in section 290.006, which contains the provisions of former section 290, subdivision (a)(2)(E) without substantive change. (Stats. 2007, ch. 579, § 14, p. 3742.)

motion that is unrelated to any proceeding then pending before the court. (*People v. Ainsworth* (1990) 217 Cal.App.3d 247, 251 [266 Cal.Rptr. 175].) Indeed, a motion is not an independent remedy. It is ancillary to an on-going action and "" 'implies the pendency of a suit between the parties and is confined to incidental matters in the progress of the cause. As the rule is sometimes expressed, a motion relates to some question collateral to the main object of the action and is connected with, and dependent on, the principal remedy.' " (*People v. Sparks* (1952) 112 Cal.App.2d 120, 121 [246 P.2d 64].) In most cases, after the judgment has become final, there is nothing pending to which a motion may attach. (*People v. Ainsworth, supra,* at p. 251; but see *People v. Hyde* (1975) 49 Cal.App.3d 97, 103 [122 Cal.Rptr. 297] [holding that superior court has inherent power under Code Civ. Proc., §§ 128 and 187, to rule upon postjudgment motion to determine custody credits].)

■ A petition for writ of mandate, on the other hand, is an independent proceeding. (Code Civ. Proc., § 1085.) ■ Although Lewis styled his request as a motion, the denial of which he has appealed, "[t]he label given a petition, action or other pleading is not determinative; rather, the true nature of a petition or cause of action is based on the facts alleged and remedy sought in that pleading." (*Escamilla v. Department of Corrections & Rehabilitation* (2006) 141 Cal.App.4th 498, 511 [46 Cal.Rptr.3d 408].) "A writ of mandate may be issued by any court to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station . . . ." (Code Civ. Proc., § 1085, subd. (a).) ■ "The writ will lie where the petitioner has no plain, speedy and adequate alternative remedy, the respondent has a clear, present and usually ministerial duty to perform, and the petitioner has a clear, present and beneficial right to performance." (*Kong v. City of Hawaiian Gardens Redevelopment Agency* (2002) 101 Cal.App.4th 1317, 1325 [125 Cal.Rptr.2d 1].) "A ministerial duty is an act that a public officer is obligated to perform in a prescribed manner required by law when a given state of facts exists." (*Alliance for a Better Downtown Millbrae v. Wade* (2003) 108 Cal.App.4th 123, 129 [133 Cal.Rptr.2d 249].) Since Lewis has made an adequate showing of his right to relief and no plain, speedy alternative remedy, and since neither the prosecutor nor the Attorney General have objected to our consideration of the merits, we shall treat Lewis's appeal as petition for writ of mandate directing the superior court to strike the registration order.

■ We recognize that a writ of mandate will not lie to control the exercise of discretion. (*Shamsian v. Department of Conservation* (2006) 136 Cal.App.4th 621, 639–640 [39 Cal.Rptr.3d 62].) But we need not decide the appropriate procedure for obtaining discretionary relief because the record in this case contains no basis for the exercise of discretion; the existing facts unequivocally require one particular action.

*B. The Order*

It is conceded that the 1987 conviction is not a valid basis for mandatory sex offender registration under section 290. Assuming section 290.006 may be applied retroactively, the only remaining question is whether there is any basis in the record for imposing a discretionary registration order under that section.

█ Section 290 makes registration mandatory for persons convicted of specified crimes. Its purpose is to assure that persons convicted of offenses requiring registration " ' " 'shall be readily available for police surveillance at all times because the Legislature deemed them likely to commit similar offenses in the future.' " ' " (*Hofsheier, supra,* 37 Cal.4th at p. 1196.) The discretionary registration statute, section 290.006, provides: "Any person ordered by any court to register pursuant to the Act for any offense not included specifically in subdivision (c) of Section 290, shall so register, if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification. The court shall state on the record the reasons for its findings and the reasons for requiring registration." █ Since the purpose of sex offender registration is to keep track of persons likely to reoffend, one of the "reasons for requiring registration" under section 290.006 must be that the defendant is likely to commit similar offenses—offenses like those listed in section 290—in the future. (Cf. *People v. Garcia* (2008) 161 Cal.App.4th 475, 484–485 [74 Cal.Rptr.3d 681].)

█ The registerable crimes listed in section 290, subdivision (c) may be characterized generally as sexual offenses committed by means of force or violence, violent offenses committed for sexual purposes, sexual offenses committed against minors, or offenses that involve the sexual exploitation of minors.[5] The record does not support the conclusion that Lewis is likely to

---

[5] The current version of section 290, subdivision (c) provides: "The following persons shall be required to register: [¶] Any person who, since July 1, 1944, has been or is hereafter convicted in any court in this state or in any federal or military court of a violation of Section 187 committed in the perpetration, or an attempt to perpetrate, rape or any act punishable under Section 286, 288, 288a, or 289, Section 207 or 209 committed with intent to violate Section 261, 286, 288, 288a, or 289, Section 220, except assault to commit mayhem, Section 243.4, paragraph (1), (2), (3), (4), or (6) of subdivision (a) of Section 261, paragraph (1) of subdivision (a) of Section 262 involving the use of force or violence for which the person is sentenced to the state prison, Section 264.1, 266, or 266c, subdivision (b) of Section 266h, subdivision (b) of Section 266i, Section 266j, 267, 269, 285, 286, 288, 288a, 288.3, 288.4, 288.5, 288.7, 289, or 311.1, subdivision (b), (c), or (d) of Section 311.2, Section 311.3, 311.4, 311.10, 311.11, or 647.6, former Section 647a, subdivision (c) of Section 653f, subdivision 1 or 2 of Section 314, any offense involving lewd or lascivious conduct under Section 272, or any felony violation of Section 288.2; any statutory predecessor that includes all elements of

commit such crimes. The 1987 conviction does not support such a conclusion. Divining the actual circumstances of a 20-year-old conviction from an incomplete and inaccurate record is problematic, at best. The facts we do have, however, do not suggest that Lewis was likely, in 1987, to prey upon young girls or to commit registerable sex offenses. While the victim may have been a minor, she was 17 years old—not so young as to suggest that Lewis, who was 22, had been compelled to act on account of her youth. Further, there was insufficient evidence at trial to support the forcible oral copulation charges. That means that there was no substantial evidence that Lewis had accomplished the act against the victim's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury. (§ 288a, subd. (c)(2).) Stated another way, there was no substantial evidence that Lewis had used force upon the victim, that he had threatened her, or that the victim's age and relationship to Lewis was such that she was coerced into doing something she would not otherwise have done. (Cf. *People v. Quinones* (1988) 202 Cal.App.3d 1154, 1158 [249 Cal.Rptr. 435].)

■ "In order to make a discretionary determination as to whether or not to require registration [under section 290.006], the trial court logically should be able to consider all relevant information available to it at the time it makes its decision . . . ." (*People v. Garcia, supra*, 161 Cal.App.4th at p. 483.) In this case, it is undisputed that, in the 20 plus years since his conviction under section 288a, subdivision (b)(1), Lewis has committed no offenses requiring him to register as a sex offender and no offenses similar to those requiring registration. Even if we assume that Lewis's 1987 conviction involved his taking advantage of the victim's vulnerable situation, he has not committed a single similar incident since then. ■ Thus, the only possible basis for imposing a discretionary registration requirement in 2008 would be a finding that it is likely Lewis will *start* committing such offenses now. There is nothing in the record to support such a finding.

In short, the moving and responding papers established that neither Lewis's 1987 conviction nor his subsequent criminal history could support an order requiring him to register as a sex offender. It follows that he is entitled to the relief he sought.

---

one of the above-mentioned offenses; or any person who since that date has been or is hereafter convicted of the attempt or conspiracy to commit any of the above-mentioned offenses."

## IV. Disposition

Let a writ of mandate issue directing the superior court to vacate its order denying Lewis's request for relief from the requirement that he register as a sex offender under either Penal Code section 290 or 290.006 and to enter a new order relieving Lewis of any sex offender registration requirement.

Rushing, P. J., and Duffy, J., concurred.