Filed 9/8/14  Rhone v. Harris CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| DWIGHT RHONE, | D064606 |
| Plaintiff  and Appellant, | |
| v. | (Super. Ct. No. MCR-13-261) |
| KAMALA D. HARRIS, as Attorney General, etc., | |
| Defendant and Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest and Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Michael T. Smyth, Judge.  Affirmed.

Reed Webb, under appointment by the Court of Appeal, for Petitioner and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Garland and Kimberley A. Donohue, Deputy Attorneys General, for Defendant and Respondents.

I.

INTRODUCTION

Appellant Dwight Rhone appeals from a September 16, 2013 order of the trial court denying his petition for a writ of mandamus, filed pursuant to the authority of *People v. Hofsheier* (2006) 37 Cal.4th 1185, seeking relief from the requirement that he register as a sex offender.

On appeal, Rhone contends that the trial court abused its discretion in ordering that he continue to register as a sex offender pursuant to Penal Code[1] section 290.006. We conclude that Rhone has not shown an abuse of discretion, and we therefore affirm the trial court's order.

II.

FACTUAL AND PROCEDURAL BACKGROUND

A.    *Factual background*

On January 28, 1980, Rhone, who was in custody in the San Diego County jail awaiting sentencing for a robbery, sodomized one of his cellmates. The incident began earlier in the day when Rhone told the cellmate, "I'm going to take you." When Rhone's cellmate objected, Rhone pushed him, choked him, and hit his head against the wall. Later that night, against his cellmate's wishes, Rhone sodomized the cellmate. Rhone inserted both his finger and his penis into his cellmate's anus. Rhone's cellmate requested a transfer the following day and was placed in protective custody.

---

[1]     Further statutory references are to the Penal Code unless otherwise indicated.

B.    *Procedural background*

In March 1980, the San Diego County District Attorney filed an information charging Rhone with one count of sodomy (§ 286, subd. (c); count 1) and one count of sodomy while confined in a local detention facility (§ 286, subd. (e); count 2). The information also alleged that Rhone had suffered three prison priors (§ 667.5, subd. (b)).

Rhone was convicted and was ordered to register as a sex offender under section 290. On May 30, 2013, Rhone filed a petition for a writ of mandamus, seeking to have his name removed from the sex offender registry under the authority of *Hofsheier*.

In response, the People conceded that Rhone is not subject to *mandatory* sex offender registration, but argued that *discretionary* registration would nevertheless be appropriate in Rhone's case. The trial court agreed with the People's position and denied Rhone's petition for a writ of mandamus, ordering him to continue to register as a sex offender pursuant to section 290.006. Rhone filed a timely notice of appeal.

III.

DISCUSSION

Rhone contends that the trial court abused its discretion in denying his petition for a writ of mandamus to terminate the requirement that he register as a sex offender.

Section 290.006 allows a court to order a person to register as a sex offender "if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification." The statute requires the trial court to "state on the record the reasons for its findings and the reasons for requiring registration." (§ 290.006.)

3

The court in *Hofsheier* explained that under section 290.006, the court engages in a two-step process: "(1) it must find whether the offense was committed as a result of sexual compulsion or for purposes of sexual gratification, and state the reasons for these findings; and (2) it must state the reasons for requiring lifetime registration as a sex offender." (*Hofsheier*, *supra*, 37 Cal.4th at p. 1197.) As long as the trial court articulates the reasons for finding that a crime was committed for sexual gratification and the reasons why lifetime registration is, in the court's view, required, a defendant may be subject to lifetime registration. (*Id*. at pp. 1197-1198.)

A trial court's order imposing a discretionary lifetime sex offender registration requirement is reviewed for an abuse of discretion. (*People v. Jordan* (1986) 42 Cal.3d 308, 316, 320.)

The trial court found that Rhone sodomized his cellmate in 1980 as result of sexual compulsion and for the purpose of sexual gratification. The trial court also articulated its reasons why the court believed lifetime registration was appropriate. For example, the trial court determined that Rhone had engaged in forcible sodomy. The court concluded that appellant was "someone who, given the opportunity and the desire, took this one man, and given his lack of control of himself I do think there is a legitimate concern that, given the opportunity and coinciding with his desire, might take someone else against their will."

Rhone suffered at least seven felony convictions *subsequent to* his sex offense in 1980. He also knowingly refused to comply with his registration requirements on multiple occasions, and he violated his parole numerous times by absconding and

4

possessing drug paraphernalia. Although Rhone characterizes his post-1980 criminal history as relating solely to drug offenses, the court was free to examine all of his conduct and conclude that Rhone's behavior over this period of time demonstrated a disregard for the public safety parameters imposed on him. The court could reasonably have concluded that Rhone's behavior also demonstrated an inability to control his impulses.

Rhone's reliance on *People v. Garcia* (2008) 161 Cal.App.4th 475 (*Garcia*) is misplaced. Garcia had been convicted of a sex offense in 1987 for which he sought relief from the sex offender registry requirements under *Hofsheier*. At the hearing on Garcia's request to be relieved of the obligation to register as a sex offender under section 290, the trial court noted that Garcia had not reoffended with an offense of a sexual nature. However, the court denied the request, concluding that the 1987 offense had been serious enough to warrant imposition of the registration requirement. (*Garcia*, at pp. 479-480.) In reversing the trial court's order, the appellate court stated,

> "Where registration is discretionary, then, one consideration before the court must be the likelihood that the defendant will reoffend. Where a *Hofsheier* hearing must be held, information regarding the defendant's behavior since the time of his original sentencing certainly is relevant to the determination as to the likelihood he will reoffend and the necessity for registration. [¶] Since the trial court did not consider this information in exercising its discretion to require defendant to register as a sex offender, we must reverse its order and remand for a new hearing on defendant's motion. At the hearing, the trial court should consider the evidence defendant presented as to his good behavior and rehabilitation." (*Garcia*, at p. 485.)

In this case, in contrast, the trial court *did* consider the information that the *Garcia* court was concerned had not been considered by the trial court in that case. After

considering all of the facts regarding Rhone's offense history subsequent to his 1980 forcible sodomy offense, the trial court concluded that Rhone should not be relieved of the requirement that he register as a sex offender.

*Lewis v. Superior Court* (2008) 169 Cal.App.4th 70 (*Lewis*), on which Rhone also relies, is also of no assistance. Rhone focuses on the following language from *Lewis*:

> "In this case, it is undisputed that, in the 20 plus years since his conviction under section 288a, subdivision (b)(1), Lewis has committed no offenses requiring him to register as a sex offender and no offenses similar to those requiring registration. Even if we assume that Lewis's 1987 conviction involved his taking advantage of the victim's vulnerable situation, he has not committed a single similar incident since then. Thus, the only possible basis for imposing a discretionary registration requirement in 2008 would be a finding that it is likely Lewis will *start* committing such offenses now. There is nothing in the record to support such a finding." (*Lewis*, at p. 70.)

Rhone apparently relies on *Lewis* to suggest that the fact that he has not committed any subsequent sexual offense should lead to relief from the registration requirement. However, the lack of any new offense of a sexual nature is merely one factor that a court must consider. The *Lewis* court considered that factor, in addition to others. Specifically, the *Lewis* court also considered the fact that the underlying sex offense, which was oral copulation with a minor 16 or 17 years old, had involved a consensual encounter, and there was no evidence of force or coercion. In contrast, in this case, the original sexual offense involved force. Further, although Rhone has not committed another forcible sexual offense since his conviction for forcible sodomy, he has engaged in further criminal conduct.

6

It was well within the trial court's discretion to weigh the brutality of Rhone's sexual offense, the forcible nature of the offense, as well as Rhone's lack of impulse control as evidenced by his repeated arrests and commission of other offenses, against the absence of additional sexual offenses. The trial court could have reasonably concluded that lifetime sex offender registration was appropriate, given all of the circumstances.

IV.

DISPOSITION

The trial court's order of September 16, 2013, is affirmed.


AARON, J.

WE CONCUR:

McCONNELL, P. J.

NARES, J.