Filed 4/11/23

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>         v.<br><br>SONNY KIM THAI,<br><br>    Defendant and Appellant. | G060963<br><br>(Super. Ct. No. M-19162)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Thomas A. Glazier, Judge. Reversed.

Cynthia Grimm, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Christine Y. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

Sonny Kim Thai appeals from the trial court's order denying his petition for termination from the sex offender registry and ordering he could not file another petition for five years. Thai argues insufficient evidence supports the court's order and the court abused its discretion because it failed to properly weigh all the factors. We agree there was insufficient evidence and reverse the order.

FACTS

In June 1997, 12-year-old John Doe walked from his father's house to the liquor store across the street where 39-year-old Thai worked. Doe had previously visited the store and spoken to Thai more than 40 times.

As Doe perused the candy, Thai asked him how old he was. When Doe said 12 years old, Thai said he looked big for his age and asked him if he worked out. Not so subtly, Thai asked Doe, "'Do you jack off?'" Thai gave Doe a Playboy magazine and directed him to the empty office in the back of the store.

In the office, Doe sat down in a chair. After Thai entered the office, he asked Doe to look at the magazine and pull down his pants. When Doe hesitated, Thai pulled down Doe's pants and underwear. Thai knelt on the floor and masturbated Doe until he ejaculated. Doe got dressed and fled. Later that day, Doe felt ill from what happened and told his mother, who called the sheriff's department.

A felony complaint charged Thai with committing a lewd and lascivious act upon a child under the age of 14 years (Pen. Code, § 288, subd. (a), all further statutory references are to the Penal Code). Thai pleaded guilty. The trial court sentenced him to three years in prison and ordered he register pursuant to section 290.

Over 23 years later, Thai filed a petition for termination from the sex offender registry pursuant to section 290.5. The prosecution filed opposition, arguing the following: the facts of the offense were "particularly egregious"; adult Thai "took complete advantage" of 12-year-old Doe; Thai "prey[ed] upon" the "familiar" Doe; Thai

2

had two misdemeanor convictions for selling alcohol to minors that predated the underlying offense but he had not suffered any convictions since then; Thai's statements after the underlying offense demonstrated he lacked remorse and felt treatment was unnecessary; and it did not appear Thai had completed any sex offender treatment program. The prosecution supported its opposition with various exhibits dating from the time of the offense.

At a hearing, the trial court stated it had reviewed the moving papers and considered all of the factors in section 290.5. Thai's counsel provided the court with documents, including the Static-99 coding rules.

The trial court asked Thai's counsel if Thai had completed a sex offender management board certified treatment program. Counsel stated the management board did not exist until 2006 and thus he could not have completed a certified program. When the court asked whether Thai had completed any type of program, counsel said Thai remembered attending counseling during parole. The court asked if he had undergone any current risk assessment. Counsel explained the Static-99 "was not a common tool" when Thai was serving his sentence. Counsel added the Static-99 was unhelpful in assessing the risk of reoffense after two years of non-offense.

Turning to the factors, which the trial court repeatedly stated it had considered, it noted Doe was 12 years old at the time of the offense. The court stated, "[Thai] had several contacts with [Doe] in the case, and those could be easily viewed as being grooming type situations." After noting Thai gave Doe a Playboy magazine and "isolated" him, the court said the "egregious" facts speak for themselves. The court said it was troubling Thai "jok[ed]" about the case with the probation department and was not forthcoming with the psychologist.

Thai's counsel disputed some of the trial court's factual "assumptions." As to the prior contacts, Thai did not remember ever meeting Doe before the day of the

3

offense, and there was no evidence of any "grooming activity." She added Thai accepted responsibility by pleading guilty and attended counseling. After the court stated Thai suffered the two prior misdemeanor convictions, counsel noted Thai had not suffered any convictions in the 24 years since the underlying offense and he had registered for more than 21 years.

The prosecutor noted Thai's lack of reoffense had been while he had to register. She added Thai's conduct "itself" was sufficient to conclude "community safety would be significantly enhanced by his continued registration." The prosecutor said there was no evidence Thai showed any remorse. She said after he pleaded guilty, he joked about and minimized his conduct.

Thai's counsel contended that relying on the conduct alone ignored the other factors. Counsel explained the longer a sexual offender does not reoffend, the lower his risk of recidivism. She stated the prosecution's evidence all dated from the time of the offense—there was no evidence Thai was *currently* a danger. Counsel concluded the prosecution did not satisfy its burden of proof.

The trial court stated it considered "each and every one of the factors" and although not considering the circumstances of the offense alone, it was "weighing that heavily." The court explained that based on 12-year-old Doe's prior visits to the store, 39-year-old Thai took "some advantage or a position of trust" to isolate Doe in the back room to commit "this violent felony." The court denied the petition and ordered Thai could not re-petition for termination for five years.

DISCUSSION

California law requires persons convicted of specified sex crimes against a child, including violations of section 288, to register as a sex offender while they live, work, or attend school in California. (§ 290, subds. (b), (c); *People v. Mosley* (2015)

4

60 Cal.4th 1044, 1048.) Commencing January 1, 2021, Senate Bill No. 384 (2017-2018 Reg. Sess.) (SB 384) restructured the sex offender registration requirement, establishing three tiers of registration for sex offenders, primarily based on the offense of conviction, for periods of at least 10 years (tier one), at least 20 years (tier two), and life (tier three). (Stats. 2017, ch. 541, § 2.5; see § 290, subd. (d).) Thai is a tier two sex offender subject to the 20-year registration requirement. (§ 290, subd. (d)(2); see § 290.5, subds. (a), (b).)

Effective July 1, 2021, SB 384 established procedures for a person to seek termination from the sex offender registry if the person meets certain criteria, including completion of the mandated minimum registration period. (§ 290.5, subds. (a)-(c).) The prosecution may request a hearing and present evidence to establish "community safety would be significantly enhanced by requiring continued registration." (§ 290.5, subd. (a)(2), (3).)

Section 290.5 does not define the phrase "community safety would be significantly enhanced." The purpose of section 290 is to ensure police can surveil sex offenders at all times because they pose a "'"'"continuing threat to society."'"'" (*People v. Sorden* (2005) 36 Cal.4th 65, 73.) In the absence of a statutory definition, words should be given their usual and ordinary meanings. (*Roberts v. City of Palmdale* (1993) 5 Cal.4th 363, 376.) "Significant" is defined as "having or likely to have influence or effect: deserving to be considered: important, weighty, notable." (Webster's Third New Internat. Dict. (1981) p. 2116, col. 2, capitalization omitted.) "Enhanced" is defined as to raise or lift. (*Id*. at p. 753, col. 3.) Thus, the prosecution must produce evidence establishing that requiring continued registration appreciably increased society's safety.

In making this determination, the trial court must consider the following: "the nature and facts of the registerable offense; the age and number of victims; whether any victim was a stranger at the time of the offense (known to the offender for less than 24 hours); criminal and relevant noncriminal behavior before and after conviction for the

5

registerable offense; the time period during which the person has not reoffended; successful completion, if any, of a Sex Offender Management Board-certified sex offender treatment program; and the person's current risk of sexual or violent reoffense, including the person's risk levels on SARATSO static, dynamic, and violence risk assessment instruments, if available." (§ 290.5, subd. (a)(3) [parties may submit affidavits, declarations, police reports or any other "reliable, material, and relevant" evidence].) If the court denies the petition, it must set the time period, one to five years, after which the petitioner can re-petition for termination and state its reasons. (§ 290.5, subd. (a)(4).)

An appellate court reviews the trial court's ruling on a petition for termination from the sex offender registry for abuse of discretion. (*Lewis v. Superior Court* (2008) 169 Cal.App.4th 70, 79.) To establish an abuse of discretion, a defendant must demonstrate the trial court's decision fell outside the bounds of reasons, i.e., was arbitrary, capricious, or patently absurd. (*People v. Johnson* (2022) 12 Cal.5th 544, 605-606 [debatable ruling is not an abuse of discretion].)

"The abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711-712, fns. omitted.) A trial court abuses its discretion when its factual findings are not supported by the evidence, or its decision is based on an incorrect legal standard. (*People v. Knoller* (2007) 41 Cal.4th 139, 156.)

Here, insufficient evidence supports the trial court's conclusion community safety would be appreciably increased by requiring Thai to continue to register for five years. The prosecution failed its burden to produce evidence establishing that

6

terminating the registration requirement considerably raised the threat to society because 64-year-old Thai was *currently* likely to reoffend.

The parties spend much time disagreeing on Doe's age, whether Doe was a stranger to Thai, whether Thai showed remorse when he spoke to the psychologist and the probation department, and whether he completed counseling. Doe was 12 years old. He was not a stranger to Thai having previously visited the store numerous times— having a stranger victim is related to sexual recidivism.[1] Thai's comments to the psychologist and probation department preceded his guilty plea and thus one could reasonably assume defense counsel advised Thai to be circumspect in his statements.[2] The only support for the conclusion Thai completed counseling was his trial counsel's representation to that effect. But the probation report provided some evidence about his mindset. After stating he did not know whether he caused Doe any emotional pain, he said, "[I am] very sorry and if [I] had it to do again [I] would never do it again." Thai said he would complete counseling.

Although the trial court repeatedly stated it was aware of and considered all the factors, the court by its own admission weighed the circumstances of the offense

---

[1] (Phenix, et al., Static-99R Coding Rules-Revised 2016 (2016) Public Safety Canada <https://www.publicsafety.gc.ca/cnt/rsrcs/pblctns/sttc-2016/sttc-2016-en.pdf > [as of Apr. 11, 2023], archived at: <https://perma.cc/PZ3S-9QHG>.)

[2] We don't read the probation report in the same manner as the trial court. The court stated it was troubled by "the fact that [Thai's] statements to the probation officer in preparing the [probation and sentencing] report and the light-heartedly joking about things, he was just joking and talking about it in that manner."

Thai did minimize his conduct and cited to cultural differences as an excuse for his conduct. After stating he felt "'stupid'" for what he did, Thai said he thought he was "playing and joking around" with Doe. We don't think Thai was joking with the probation officer about what he did. Thai claimed he, erroneously and inexcusably, thought he was joking with Doe.

heavily.  The court's ruling was singularly focused on those facts, which the prosecutor, the court, and the Attorney General all described as "egregious."

Assuming for purposes of argument the 1997 offense was egregious, those facts alone do not demonstrate Thai was a risk to the community over 24 years later.  The evidence demonstrated Thai committed a lewd act on one 12-year-old victim.  To the extent they are relevant, the prosecution suggested but offered no evidence Thai suffered the two misdemeanor convictions.  The prosecution presented no evidence Thai refused to complete counseling and Thai's comments to the probation officer indicated remorse and a willingness to participate in a treatment program.  The Attorney General faults Thai for not providing evidence he completed a treatment program or a current risk assessment.  He forgets it was the prosecution's burden to establish Thai was a current risk and it could have sought a current risk assessment.

Other than evidence of the 24-year-old underlying offense, the prosecution offered no evidence Thai presents a danger today.  Indeed, the evidence demonstrates the opposite.  For almost 24 years, Thai had not suffered any conviction.

It is clear Thai's conduct had a profound impact on Doe.  Thai robbed him of his innocence, of his childhood, and Doe suffered significant emotional trauma.  His mother's letter makes clear Doe who was still a child worked tirelessly to prove he was a man.  We do not condone Thai's deplorable conduct or mean to minimize the psychological scars Doe suffered.

Our decision today stands for the sole proposition the prosecution failed to establish with reasonable, credible, and solid evidence "community safety would be significantly enhanced" by requiring Thai to register with the sex offender registry for

five years.  In short, the prosecution failed to meet its burden as required by the statute. Therefore, the trial court abused its discretion by denying Thai's petition.[3]

DISPOSITION

The order is reversed.

O'LEARY, P. J.

WE CONCUR:

GOETHALS, J.

MOTOIKE, J.

---

[3]    Because of our conclusion, we need not resolve Thai's assertion that when a trial court reviews documentary evidence the proper standard of review is de novo.