[No. B192709. Second Dist., Div. Two. June 11, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
CHRISTOPHER BRYAN KING, Defendant and Appellant.

**COUNSEL**

Simmons & Koester and James Koester for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Janet Neely, Keith H. Borjon and Sharlene A. Honnaka, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**BOREN, P. J.**—Christopher Bryan King appeals from the judgment (order granting probation) entered upon his conviction by plea of guilty to violating the registration requirements of Penal Code section 290, subdivision (a)(2)(E)[1] by failing to register a change of address during a probationary term on a prior offense.

Appellant contends that when an individual's obligation to register as a sexual offender is premised solely on a condition of probation for a nonregistrable offense, he does not violate section 290 when he fails to notify law enforcement of a change of address.

We conclude that appellant was not ordered to register pursuant to section 290, subdivision (a)(2)(E), and therefore he could not be convicted of violating section 290. We reverse the judgment.

### FACTS AND PROCEDURAL BACKGROUND

In July 2002, in case No. MA024039, appellant pled no contest to unlawful sexual intercourse with a minor (§ 261.5) in return for a five-year grant of probation on various terms and conditions.[2] Among the agreed-upon conditions of probation was the requirement that appellant register as a sex offender during the five-year probationary period.

On March 8, 2006, a complaint was filed charging that between December 21, 2005, and February 21, 2006, appellant, "being a person required to register based on conditions of probation granted, did willfully, knowingly, and unlawfully violate the registration provision of Penal Code section 290" and that he thereby committed a felony violation of section 290, subdivision (a)(2)(E).

Appellant entered into a plea agreement under which he pled guilty to the charged offense in return for service of 120 days in county jail prior to

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] We have taken judicial notice of the transcript of the July 15, 2002, plea and sentencing in the prior case, case No. MA024039. The record discloses that appellant, age 27, engaged in sex with a 16-year-old girl.

sentencing, at which time he would be granted probation. The trial court acknowledged, based upon a statement by appellant's trial counsel, that appellant would seek a certificate of probable cause to preserve his right to appeal the issue of whether "someone required to register under [section] 290 as a probation condition for a conviction of [section] 261.5 can be convicted of a new violation of [section] 290." After appellant served his jail term, the trial court suspended imposition of judgment and placed him on probation for three years.[3] Appellant obtained a certificate of probable cause, and this appeal followed.

## DISCUSSION

Section 290, subdivision (a)(1)(A) provides, "Every person described in paragraph (2), for the rest of his or her life while residing in California . . . shall be required to register . . . within five working days of coming into, or changing his or her residence within, any city, county, or city and county . . . ."

Paragraph (2) of section 290, subdivision (a) provides, "The following persons shall be required to register pursuant to paragraph (1): . . . [¶] . . . [¶] (E) Any person ordered by any court to register pursuant to this section for any offense not included specifically in this section[4] if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification. The court shall state on the record the reasons for its findings and the reasons for requiring registration."

With exceptions not here relevant, "any person who is required to register under this section based on a felony conviction . . . who willfully violates any requirement of this section . . . is guilty of a felony . . . ." (§ 290, subd. (a)(2)(G)(ii)(g)(2).)

■ Section 261.5, unlawful sexual intercourse with a minor, is not an offense enumerated in section 290, subdivision (a)(2)(A), and a person

---

[3] At the time appellant entered his plea in this case, he admitted a violation of probation in case No. MA024039 "for failing to obey all laws by picking up a new felony conviction."

[4] Subparagraph (A) of section 290, subdivision (a)(2) enumerates the offenses for which a conviction requires the defendant to register pursuant to paragraph (1).

convicted of that offense is not subject to a mandatory lifetime registration obligation under section 290, subdivision (a)(1)(A). (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1197 [39 Cal.Rptr.3d 821, 129 P.3d 29] (*Hofsheier*).) If a court imposes a discretionary registration requirement upon a person convicted of violating section 261.5, it must comply with the requirements set forth in section 290, subdivision (a)(2)(E). (*Hofsheier, supra*, at p. 1197.)

Appellant contends that he was not ordered to register pursuant to the provisions of section 290, subdivision (a)(2)(E), and that his failure to register was simply a violation of his condition of probation, rather than a violation of section 290. We agree. While the trial court could have imposed a registration requirement pursuant to section 290, subdivision (a)(2)(E), the record establishes that it did not.

Under section 290, subdivision (a)(2)(E), a trial court may order a person convicted of a nonenumerated offense to register "pursuant to this section." By its terms, section 290 imposes a registration requirement on the individual "for the rest of his or her life . . . ." (§ 290, subd. (a)(1)(A).) Here, the trial court specifically limited the registration requirement to the five-year period during which appellant was on probation for the unlawful sexual intercourse offense.

Moreover, a registration requirement for a nonenumerated offense such as unlawful sexual intercourse may only be imposed "if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification" and the court "state[s] on the record the reasons for its findings and the reasons for requiring registration." (§ 290, subd. (a)(2)(E).) "[T]o implement the requirements of section 290, subdivision (a)(2)(E), the trial court must engage in a two-step process: (1) it must find whether the offense was committed as a result of sexual compulsion or for purposes of sexual gratification, and state the reasons for these findings; and (2) it must state the reasons for requiring lifetime registration as a sex offender." (*Hofsheier, supra*, 37 Cal.4th at p. 1197.) Here, the trial court did not make the findings required under section 290, subdivision (a)(2)(E) when it imposed a registration requirement as a condition of probation. We presume that the trial court was aware of and correctly applied the applicable law (*People v. Coddington* (2000) 23 Cal.4th

529, 644 [97 Cal.Rptr.2d 528, 2 P.3d 1081], disapproved on other grounds in *Price v. Superior Court* (2001) 25 Cal.4th 1046, 1069, fn. 13 [108 Cal.Rptr.2d 409, 25 P.3d 618]) and that, had it intended to impose a registration requirement under section 290, subdivision (a)(2)(E), it would have imposed a lifetime requirement in the required fashion.[5]

Accordingly, we conclude that the registration requirement was not imposed under the provisions of subdivision (a)(2)(E) of section 290.

A trial court has broad discretion to impose conditions of probation that will foster rehabilitation of the defendant and protect the public and the victim. (*People v. Jungers* (2005) 127 Cal.App.4th 698, 701 [25 Cal.Rptr.3d 873].) Notwithstanding the prosecutor's assertion—which was, in any event, erroneous—that registration "for any period" could be imposed under section 290, subdivision (a)(2)(E), the trial court did not impose the five-year registration requirement under that section. It simply imposed it as a condition of probation.

■ The record reflects that when the trial court advised appellant of the consequences of his plea to the unlawful sexual intercourse charge, it stated that appellant would have "[f]ive years probation, five years of registration." At that time, the trial court stated, "If you come back and see me on a violation [of probation], I have got 270 days in county jail, or two years, nine months in state prison that I can impose upon you." The trial court did not suggest that a violation of one of the conditions of probation, the registration requirement, would constitute a new felony offense, and appellant did not agree to any such condition. A discretionary registration requirement under section 290, subdivision (a)(2)(E) may not be grafted onto a plea bargain when it was not included in the agreement. (See *People v. Olea* (1997) 59 Cal.App.4th 1289, 1292, 1297–1298 [69 Cal.Rptr.2d 722].)

Since appellant was not "ordered . . . to register pursuant to this section" (§ 290, subd. (a)(2)(E)), he did not violate section 290 by failing to register. His conviction of violating section 290 must be reversed.[6]

---

[5] Contrary to respondent's assertion, we do not read appellant's contention as a claim that the trial court could not subject him to a lifetime registration requirement because it did not make the required factual findings.

[6] The failure to register may, of course, constitute a violation of probation in case No. MA024039. Appellant states that he does not challenge "his sentence for the probation violation" in that case. That matter, in any event, is not presently before us.

## DISPOSITION

The plea of guilty to violating section 290, subdivision (a)(2)(E) is vacated, the judgment (order granting probation) is reversed, and the complaint is dismissed.

Ashmann-Gerst, J., and Chavez, J., concurred.

have provided the suppliers with a windfall for damages for pain and suffering prior to the death of the machinist's mate. (Opinion by Simons, J., with Jones, P. J., and Needham, J., concurring.)