Filed 1/21/15  In re Allen CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re LOREN BRADLEY ALLEN,<br><br>on Habeas Corpus. | 2d Civil No. B254793<br>(Super. Ct. No. 1430834)<br>(Santa Barbara County) |

The California Department of Corrections and Rehabilitation (CDCR) appeals a superior court judgment granting Loren Bradley Allen's petition for writ of habeas corpus. The trial court found Allen was required to register as a sex offender only as a condition of his probation following his conviction of first degree burglary.  (Pen. Code, § 459.)[1]  It enjoined CDCR "from making the provisions of Penal Code [sections] 290 and 3003.5 conditions of [Allen's] parole."  We conclude the trial court erred by deciding the habeas petition without conducting an evidentiary hearing and by making findings without an adequate and complete evidentiary record.  We reverse and remand.

FACTS

In November 2007, Allen was charged with first degree burglary (§ 459), prowling (§ 647, subd. (h)), and peeking (§ 647, subd. (i)).  In a plea agreement, Allen agreed to "register pursuant to Penal Code § 290 and [to] 'standard terms & conditions as outlined in the plea report.'"

---

[1] All statutory references are to the Penal Code.

On November 12, 2008, Allen pled no contest to first degree burglary. The trial court "suspended pronouncement of judgment" and placed him on three years' "felony probation."

Allen violated the terms and conditions of his probation. On November 29, 2011, the trial court imposed a four-year state prison sentence.

On August 28, 2013, Allen filed a petition for writ of habeas corpus in the superior court. He sought to enjoin CDCR from imposing sex offender residency restrictions upon his release from prison. (§§ 290, 3003.5.) He claimed such restrictions would constitute an invalid "parole condition."

On September 12, 2013, the trial court issued an order to show cause. The court ordered CDCR "to show cause why the court should not order that Penal Code §§ 290 [sex offender registration requirement] and 3003.5 [residency restriction for sex offenders] do not apply to petitioner Loren Bradley Allen and enjoin [CDCR] from making the provisions of these statutes a condition of petitioner's parole."

CDCR filed a return and said, "[A]ny order requiring sex offender registration is necessarily for lifetime registration . . . ." It said, "[T]he petition must be denied because Allen negotiated by plea for lifetime sex offender registration." (Boldface omitted.)

The trial court granted Allen's habeas corpus petition. It found Allen was required to register as a sex offender only as a condition of his probation. It enjoined CDCR from applying "the provisions of Penal Code [sections] 290 and 3003.5" as "parole" conditions.

## DISCUSSION

### *The Sex Offender Registration Requirement*

CDCR contends the judgment must be reversed because Allen was required to register as a sex offender. It contends the trial court erred because Allen was subject to "a lifetime obligation to register" as a sex offender.

Individuals who commit specified sex offenses are required to register as sex offenders. (§ 290, subds. (b) & (c).) Allen was convicted of burglary. This is not a sex offense listed in section 290, subdivision (c).

2

Defendants whose offenses are not listed in section 290, subdivision (c) may be required to register "if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification." (§ 290.006.) This statute also requires that "[t]he court shall state on the record the reasons for its findings and the reasons for requiring registration." (*Ibid.*)

Where the court intends to impose a lifetime sex offender registration requirement for a defendant who commits burglary, it must make the section 290.006 findings and "state the reasons for" imposing the registration requirement. (*People v. King* (2007) 151 Cal.App.4th 1304, 1308; § 290.006.)

CDCR notes that sex offender registration is a lifetime requirement for convicted sex offenders. (§ 290, subds. (b) & (c).) But a trial court also may impose a sex offender registration requirement as a condition of probation. (*People v. King*, *supra*, 151 Cal.App.4th at pp. 1308-1309.) In such a case, the registration requirement is limited to the "period during which [the defendant is] on probation." (*Id*. at p. 1308.)

In 2008, Allen entered into a plea agreement where he agreed to "felony probation for 3 years" and that he would "register pursuant to Penal Code Section 290."

In deciding the habeas petition, the trial court found "the Penal Code § 290 registration requirement *was a condition of probation only*, not a required or implicit term of the sentence." (Italics added.)

The parties have different positions on this issue. The People contend that because Allen included the reference to section 290 in his plea agreement, he is subject to its lifetime registration requirement. Allen claims he was only subject to a registration requirement as a probation condition. He argues the reference to section 290 was only a short hand description of the type of registration he was subject to during the period of probation.

The trial court's ruling on this issue was premature. It did not have an adequate and complete evidentiary record to make its findings. The court said the wording of the plea agreement "is open to two interpretations." A properly noticed evidentiary hearing was required to decide the nature and duration of the registration requirement.

3

But the trial court did not hold a hearing. It decided the habeas petition simply by reviewing the return and documents it selected. Because there was no hearing, there was no opportunity to call witnesses such as the judge who sentenced Allen to probation in 2008, the prosecutor and the defense counsel who represented Allen. (*In re Luce* (1966) 64 Cal.2d 11, 13 [affidavit of retired judge "may be considered in a habeas corpus proceeding for the purpose of explaining or filling certain gaps in the official record"]; *People v. Dubon* (2001) 90 Cal.App.4th 944, 955 [testimony of retired judge was properly considered].) Such testimony would be highly probative evidence about what was intended with respect to the duration of the registration requirement.

In making its findings on the habeas petition, the trial court selected documents that were not included in the return. It did not give prior notice to the parties of its intent to use this procedure. The parties did not have the opportunity to review those records prior to the court's decision. Those records are also not part of the record. The People contend the procedure the court used prevented them from raising and obtaining rulings on procedural issues. They claim there are unresolved issues such as the absence of a traverse requiring the exercise of trial court discretion.

The trial court erred by not conducting a hearing and by making findings without a complete evidentiary record.

## Disposition

The judgment is reversed and the matter is remanded to the trial court with instructions to conduct an evidentiary hearing. The specific procedure the trial court selects to make its findings is a matter within its sound discretion.

NOT TO BE PUBLISHED.


GILBERT, P. J.

I concur:


PERREN, J.

4

YEGAN, J. Concurring and Dissenting

I agree the judgment should be reversed. But, I dissent from that portion of the judgment ordering an evidentiary hearing. Remand for an evidentiary hearing would serve no purpose. Allen is no longer in custody and may not challenge the sex offender registration order by way of a petition for writ of habeas. (*People v. Pickelsimer* (2010) 48 Cal.4th 330, 339.) Even if the trial court had jurisdiction to grant habeas relief, modification of the order would violate the terms of the negotiated plea and Penal Code sections 290 and 290.006.[1]

The 2006 plea agreement states that Allen "must register as a sex offender" pursuant to section 290.[2] Allen was represented by extremely competent counsel, knew what he was pleading to, and received a highly favorable negotiated disposition of his case. He was charged with two residential burglaries and plead no contest to one count after admitting to the police that the crimes (residential burglary, prowling, and peaking --- all subject to a *Harvey* waiver) were for sexual gratification. (*People v. Harvey* (1979) 25 Cal.3d 754.) The probation report states that Allen was arrested outside the victim's bedroom window and told the police that he had been "peeping" in at women for two years. Allen admitted that he did it for a sexual gratification and that it was "a problem" for him. That is an understatement. Allen had a plastic bag filled with condoms and seven pairs of women's underwear, all belonging to the burglary victims. He is not the typical burglar.

---

[1] All statutory references are to the Penal Code.

[2] Allen appealed from the judgment in 2011 after he was sentenced to state prison. We affirmed the judgment in an unpublished opinion. (B238083.) I have considered the appellate record in B238083 which includes the probation report, the written plea agreement, and the transcript of the change of plea, probation violation, and sentencing hearings.

Allen entered the change of plea in exchange for a suspended imposition of sentence with a six year lid and the express condition that "I must register as a sex offender" pursuant to section 290.  ~(CT 79-80)~  After violating probation four times, he was sentenced to four years state prison and subject to the same sex registration order.

Because Allen was convicted of first degree residential burglary, registration as a sex offender was, in theory, discretionary rather than mandatory. (See *People v. Hofsheier* (2006) 37 Cal.4th 1185, 1197-1198.)  But the period of registration pursuant to section 290 is for life.  (*Id.*, at p. 1198; *People v. King* (2007) 151 Cal.App.4th 1304, 1309.)

Section 290.006 provides that a court may impose sex offender registration "if the court finds *at the time of conviction or sentencing* that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification." (Emphasis added.)  Here registration as a sex offender was a term of the negotiated disposition and is incorporated into the "conviction."  (See *People v. Davis*  (2010) 185 Cal.App.4th 998, 1001 ["conviction" occurs when defendant enters a plea admitting guilt or when a jury returns a guilty verdict].)  Allen did not object to the section 290 order when it was made, when he was sentenced to state prison, or when he appealed the  sentence.  He is precluded from doing so now. (*People v. McClellan* (1993) 6 Cal.4th 367, 381.)

The majority remands for an evidentiary hearing to determine whether the sex registration order was only a condition of probation.  But such an order would violate section 290.006.[3]  "The plain language of the statute requires the court to decide whether to impose sex offender registration either at the time of

---

[3] One could argue that the trial court failed to make express findings or state its reasons for ordering sex offender registration. (§ 290.006.) But those finding were implied and any contention to the contrary is forfeited because Allen did not object. (*People v. Smith* (2001) 24 Cal.4th 849, 852; *People v. Scott* (1994) 9 Cal.4th 331, 353.)

conviction or at the time of sentencing." (*People v. Allexy* (2012) 204 Cal.App.4th 1358, 1363.) "If a trial court wants to use the specter of sex offender registration as a basis for encouraging a defendant to comply with the terms of probation, . . . there is a way to do so without violating section 290.006. A trial court may *suspend imposition of sentence* and place a defendant on probation, thereby leaving any decision to impose sex offender registration to the time the court sentences the defendant." (*Id.*, at p. 1360.)

Once a sex registration order is imposed pursuant to section 290 or 290.006, the trial court may not vacate/modify the order based on the theory that the order expires after probation is revoked. (See e.g., *Wright v. Superior Court* (1997) 15 Cal.4th 521, 527 [purpose of lifetime sex-offender registration is to prevent recidivism; *People v. King, supra,* 151 Cal.App.4th at p. 1309 [although court may impose temporary registration requirement as condition of probation, it may not do so under registration statutes which mandate *lifetime,* as opposed to temporary, registration].) Allen was specifically ordered to register as a sex offender pursuant to section 290. "By its terms, section 290 imposes a registration requirement on the individual 'for the rest of his or her life. . . .' (§ 290, subd. (a)(1)(A) [now subd. (b))].)" (*People v. King, supra,* 151 Cal.App.4th at p. 1308.)

The written plea agreement speaks for itself. So do sections 290 and 290.006. Allen received the benefit of the plea bargain and should not be allowed to trifle with the courts. (*People v. Hester* (2000) 22 Cal.4th 290. 295.) Having accepted the benefits of his negotiated disposition, he should be estopped from seeking to jettison an onerous aspect thereof. (*Id.*, at p. 259; see also *People v. Velasquez* (1999) 69 CalApp.4th 503, 506-507.)

NOT FOR PUBLICATION


YEGAN, J.


3

Brian E. Hill, Judge

Superior Court County of Santa Barbara

_____

Kamala D. Harris, Attorney General, Jennifer A. Neill, Senior Assistant Attorney General, Julie A. Malone, Supervising Deputy Attorney General, Charles Chung, Deputy Attorney General, for Appellant Jeffrey A. Beard, Secretary of the California Department of Corrections and Rehabilitation.

Richard B. Lennon, under appointment by the Court of Appeal, for Respondent Loren Bradley Allen.