Filed 6/23/15  P. v. Slate CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H040117 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. EE907264) |
| v. | |
| EDWARD SLATE, | |
| Defendant and Appellant. | |

**INTRODUCTION**

Appellant Edward Slate was convicted of seven counts of sex crimes against a minor, and the sentencing court ordered him to register as a sex offender.  He filed a petition for writ of habeas corpus in the Santa Clara County Superior Court seeking relief from the ordered registration.  The court denied the habeas petition as it pertained to count seven, a count for which registration was mandatory.  The court granted the habeas petition as it pertained to counts one through six—counts for which registration was discretionary—and ordered a new hearing to determine whether Slate should be required to register on those counts.  At the hearing, the court made findings pursuant to Penal Code section 290.006[1] and ordered Slate to register as a sex offender on each of the six counts.

---

[1] Subsequent unspecified statutory references are to the Penal Code.

Slate now appeals from the order requiring him to register as a sex offender on counts one through six. He preliminarily asserts that the court lacked authority to order registration on counts one through six because registration was not imposed on those counts at the original sentencing hearing. He then contends that the court erred in ordering registration on counts one through six because there was no showing that he was likely to commit sex offenses in the future.[2] As set forth below, we will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2008, 41-year-old Slate developed a relationship with 15-year-old Jane Doe. Jane Doe was a high school student, and Slate was a teacher at her high school. Slate and Jane Doe exchanged thousands of text messages, frequently spoke to each other on the phone, and spent time together at Jane Doe's home when Jane Doe's parents were not present. By February 2009, Jane Doe spent so much time with Slate that she stopped doing anything with her friends. Jane Doe's parents repeatedly told Slate to avoid contact with Jane Doe, but Slate continued to pursue a relationship with Jane Doe. Slate informed Jane Doe that her parents told him to stay away from her, and Jane Doe's relationship with her parents became strained.

---

[2] In the appeal, Slate also asserts that mandatory sex offender registration for count seven is an equal protection violation. Slate brought this claim in his habeas petition below, and the superior court denied the petition as it pertained to count seven. Because the superior court denied the petition as it pertained to count seven, Slate cannot bring an equal protection challenge regarding count seven on appeal. (See *In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7 ["no appeal lies from the denial of a petition for writ of habeas corpus," and "a prisoner whose petition has been denied by the superior court can obtain review of his claims only by the filing of a new petition in the Court of Appeal"].) We therefore will not address Slate's equal protection argument in this opinion.

Slate has also filed a petition for writ of habeas corpus in this court, and in that petition he raises the same equal protection challenge to mandatory registration for count seven. This court ordered the habeas petition to be considered with the appeal. By separate order of this date, we deny the petition for writ of habeas corpus.

2

Police interviewed Jane Doe on August 23, 2009. She stated that she and Slate began kissing "intimately" in February or March 2009, when she was 16 years old. She stated that she and Slate engaged in a sexual relationship when she was 17 years old. She explained that Slate penetrated her vagina with his finger, orally copulated her, and had anal sex with her. During a police interview on August 24, 2009, Slate admitted that he had engaged in anal sex and oral copulation with Jane Doe.

On August 26, 2009, the Santa Clara County District Attorney filed a felony complaint charging Slate with two counts of oral copulation with a minor (§ 288a, subd. (b)(1); counts 1 and 4), two counts of sexual penetration of a person under the age of 18 (§ 289, subd. (h); counts 2 and 5), two counts of sodomy with a person under 18 years of age (§ 286, subd. (b)(1); counts 3 and 6), and one count of annoying or molesting a child (§ 647.6, subd. (a)(1); count 7). On February 10, 2010, Slate pleaded no contest to all seven counts charged in the complaint.

At the sentencing hearing on March 25, 2010, the trial court sentenced Slate to two years eight months in prison and ordered him to register as a sex offender. The court did not specify the counts for which it was imposing registration, and it did not state any reasons for ordering registration. The court simply stated, "I'm ordering you to register under Section 290 of the Penal Code and to comply with Section 290.85 of the Penal Code."

On December 19, 2012, Slate filed a petition for writ of habeas corpus in the Santa Clara County Superior Court. In the habeas petition, Slate urged the court to vacate the order requiring him to register as a sex offender. He argued that imposition of registration for count seven—an offense for which registration was mandatory— constituted an equal protection violation. He also asserted that the sentencing court's failure to make section 290.006 findings for counts one through six—offenses for which

3

registration was discretionary—established that the sentencing court "did not intend to impose and in fact did not impose" registration on counts one through six.

On January 10, 2013, the court issued an order to show cause "only as to counts 1 through 6." The court explained that a review of the transcript from March 25, 2010 suggested that the sentencing court ordered sex offender registration for counts one through six without making the findings required by section 290.006. The court denied relief on count seven, explaining that Slate had failed to show mandatory sex offender registration for count seven constituted an equal protection violation.

In the return, the district attorney conceded that Slate was entitled to a new hearing, conducted in accordance with section 290.006, to determine whether sex offender registration should be imposed for counts one through six.

On March 21, 2013, the court granted Slate's petition for writ of habeas corpus "[a]s to Counts 1 through 6." It ordered the matter returned to the original sentencing judge for a hearing to determine whether registration should be imposed under section 290.006 for counts one through six.

The court, presided over by the judge who originally sentenced Slate, held hearings on the matter. At the hearings, the court explained that it had intended to impose sex offender registration "on all counts" when it sentenced Slate in 2010. It stated that it believed it had imposed registration on all seven counts in 2010. The court noted that it was a "mistake" if it failed to "clearly" make section 290.006 findings at the sentencing hearing in 2010. The court proceeded to make express section 290.006 findings. It described the facts of Slate's crimes and found that "it was clear that [Slate] committed the violations for the purposes of his own sexual gratification." The court emphasized that it was appropriate to impose registration for counts one through six, explaining in part: "[Slate's] abnormal sexual interest in a 15-year-old student, the large [age] disparity between him and the victim, his monopolization of her time and success in

4

isolating her from her friends and family, his wanton disregard for, and undermining the victim's parents' authority over the child, the scheme to convince the victim that her parents did not care for her, and his exploitation of his position as a teacher at the school the victim attended all weigh in favor of the court retaining [Slate's] registration requirement under the discretionary authority of Penal Code section 290.006. [¶] These factors indicated a great likelihood that [Slate] acted based on the victim's youth. His behavior demonstrated that he was a sexual predator, and that's the finding."

On July 12, 2013, the court entered an order requiring Slate to register as a sex offender pursuant to section 290 et seq. for counts one through six. Slate now appeals from that order.

## DISCUSSION

Slate urges us to vacate the 2013 order requiring him to register as a sex offender on counts one through six. As explained below, Slate has failed to show error, and we will affirm.

### *Legal Framework: Mandatory and Discretionary Sex Offender Registration*

Section 290 makes sex offender registration mandatory for persons convicted of specified crimes. (§ 290, subds. (b) and (c); *Lewis v. Superior Court* (2008) 169 Cal.App.4th 70, 78 (*Lewis*).) The offense in count seven— section 647.6, subdivision (a)—is a crime specified in section 290, subdivision (c), and a defendant convicted of violating section 647.6, subdivision (a) "shall be required" to register as a sex offender. (§ 290, subds. (b) and (c).) "All defendants who are convicted of violating section 647.6, subdivision (a), are subject to mandatory lifetime registration as sex offenders, pursuant to section 290." (*People v. Brandao* (2012) 203 Cal.App.4th 436, 441.)

Section 290.006 gives the trial court discretion to order sex offender registration for crimes not subject to mandatory registration. That section states: "Any person

ordered by any court to register . . . for any offense not included specifically in subdivision (c) of Section 290, shall so register, if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification. The court shall state on the record the reasons for its findings and the reasons for requiring registration." (§ 290.006.)

Here, it is undisputed that the offenses in counts one through six are not included in section 290, subdivision (c) and are not subject to mandatory registration under section 290. Thus, registration could only be imposed on counts one through six pursuant to section 290.006.

When ordering discretionary sex offender registration pursuant to section 290.006, " 'the trial court must engage in a two-step process: (1) it must find whether the offense was committed as a result of sexual compulsion or for purposes of sexual gratification, and state the reasons for these findings; and (2) it must state the reasons for requiring lifetime registration as a sex offender.' " (*People v. King* (2007) 151 Cal.App.4th 1304, 1308 (*King*).) "By requiring a separate statement of reasons for requiring registration even if the trial court finds the offense was committed as a result of sexual compulsion or for purposes of sexual gratification, the statute gives the trial court discretion to weigh the reasons for and against registration in each particular case." (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1197, overruled on another point in *Johnson v. Department of Justice* (2015) 60 Cal.4th 871.)

In determining whether to exercise its discretion to order registration pursuant to section 290.006, the trial court may " 'consider all relevant information available to it at the time it makes its decision.' " (*Lewis, supra,* 169 Cal.App.4th at p. 79.) Because "the purpose of sex offender registration is to keep track of persons likely to reoffend" a court imposing registration pursuant to section 290.006 must consider whether "the defendant

6

is likely to commit similar offenses—offenses like those listed in section 290—in the future." (*Id.* at p. 78.)

The decision to impose registration pursuant to section 290.006 lies within the trial court's discretion. "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

***Registration was Imposed on Counts One Through Six at Sentencing in 2010***

Preliminarily, Slate contends that the 2013 order requiring sex offender registration on counts one through six was unlawful because registration was not imposed on those counts at the original sentencing hearing in 2010. His argument is premised on the assumption that, because the court did not make section 290.006 findings at the original sentencing hearing, the court imposed only mandatory registration on count seven and did not impose discretionary registration on counts one through six. Based on his assumption that registration was not imposed on counts one through six at the original sentencing hearing, he urges us to conclude that the court lacked authority to impose registration on those counts during the habeas proceedings in 2013.

The record does not support Slate's argument. At the original sentencing hearing in 2010, the court stated, "I'm ordering you to register under Section 290 of the Penal Code and to comply with Section 290.85 of the Penal Code." Although the court did not make findings pursuant to section 290.006, the court never stated that it was imposing registration only on count seven and did not specify any particular counts for which it was imposing registration. At the 2013 hearings following the grant of Slate's habeas petition, the court clarified that it had imposed registration on all counts at the original sentencing hearing but had failed to make express section 290.006 findings for counts one through six. At the 2013 hearings, the court repeatedly stated that it intended to impose sex offender registration on counts one through six at the original sentencing

7

hearing, the court noted that the probation report—which recommended sex offender registration on counts one through six—had been "incorporated by reference into the record" at the original sentencing hearing, and the court explained that it was a "mistake" if it had failed to "clearly" make section 290.006 findings at the original sentencing hearing. The record thus reveals that the court imposed registration on counts one through six at the original sentencing hearing, but it failed to make the findings required by section 290.006. Contrary to Slate's assertion, the record does not show that the court declined to impose registration on counts one through six at the original sentencing hearing. Slate therefore has failed to demonstrate that the court lacked authority to reorder registration, in accordance with the requirements of section 290.006, on counts one through six during the habeas proceedings. (See generally *People v. Picklesimer* (2010) 48 Cal.4th 330, 342 [noting that the remedy for improper imposition of sex offender registration is remand for a new hearing, conducted in accordance with section 290.006, to determine whether registration should be imposed].)

Slate contends that *People v. King, supra,* 151 Cal.App.4th 1304 requires us to conclude that the court did not impose registration on counts one through six at the original sentencing hearing. We are not persuaded. *King* held that lifetime sex offender registration was not imposed where the trial court imposed sex offender registration as a condition of probation and "specifically limited the registration requirement to the five-year period during which appellant was on probation." (*King, supra,* 151 Cal.App.4th at pp. 1306-1308.) *King* is of no import to the case at hand, a case in which the sentencing court expressly ordered lifetime sex offender registration without stating any limitations. Slate's reliance on *King* is unavailing.

### The 2013 Order was Not an Abuse of Discretion

Slate next contends that the 2013 order requiring registration on counts one through six must be vacated because there was no showing that he had "a desire or

compulsion to engage in prohibited sexual relations or that he was likely to commit sex offenses in the future." He emphasizes that the court "failed to consider evidence of [his] behavior since the time of the original sentencing hearing." Slate has failed to show an abuse of discretion.

The court made a lengthy record when it issued the 2013 order requiring Slate to register as a sex offender. The court described the facts of Slate's crimes and found it was "clear" that Slate committed the crimes for "purposes of his own sexual gratification." The court noted that the purpose of sex offender registration is to ensure that individuals likely to commit sex offenses are subject to police surveillance, and it then described circumstances suggesting that Slate was likely to commit sexual offenses against minors in the future. The court explained that Slate had an "abnormal sexual interest" in the victim when she was only 15 years old. Slate was over 20 years older than victim, and that court noted that Slate utilized this age disparity and "his position of trust and authority as a teacher" in order to achieve his sexual goals with the victim. Slate "isolated the victim from her friends and her own family" by "monopolizing her time" and "manipulating her emotions," and the court found this was all part of a "scheme to convince" the victim to have sexual relations with him. The court explained that Slate "wantonly disregarded" the victim's parents' requests to stay away from the victim, and Slate "continued his contact with the victim, including anal sex and oral sex in the victim's home when the parents were not there." The court found it "disturbing" that Slate "consistently minimizes his criminal behavior by suggesting that the victim sought the affection and physical relationship." The court found it "equally disturbing" that Slate admitted his sexual relationship with the victim fed his ego. The court concluded that Slate was a "sexual predator" who "acted based on the victim's youth."

Although the foregoing circumstances primarily pertained to the crimes of conviction, they nonetheless suggested that Slate had an abnormal sexual interest in

9

underage girls, that Slate was unable to suppress that sexual interest, that Slate did not appreciate the criminality of sexual contact with minors, and that Slate was thus likely to commit sexual offenses against minors in the future. (See generally *In re Petra B.* (1989) 216 Cal.App.3d 1163, 1169 [past conduct is a good predictor of future behavior].) We therefore must conclude that the court did not abuse its discretion in issuing the 2013 order requiring Slate to register as a sex offender on counts one through six. (See generally *Lewis, supra,* 169 Cal.App.4th at p. 78 [sex offender registration is appropriate where the defendant is likely to commit sexual offenses against minors in the future].)

Slate contends that the 2013 registration order was an abuse of discretion because his behavior after the 2010 sentencing hearing established that he was unlikely to reoffend. He emphasizes that there was no evidence that he committed new sex offenses. Slate's argument is not persuasive. The circumstances the court identified in issuing the 2013 registration order strongly suggested that Slate was likely to reoffend. The circumstance that Slate committed no new sex offenses during the short time between the original sentencing hearing and the habeas proceedings does not alter our conclusion. Slate has failed to show that the court abused its discretion in issuing the 2013 order requiring him to register as a sex offender on counts one through six.

## DISPOSITION

The order requiring Slate to register as a sex offender on counts one through six is affirmed.

_____
RUSHING, P.J.

WE CONCUR:



_____
ELIA, J.




_____
WALSH, J.[*]


_____

[*] Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11