Filed 2/2/16  P. v. Stecker CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>DANIEL DUANE STECKER,<br><br>       Defendant and Appellant. | A141586<br><br>(Contra Costa County<br>Super. Ct. No. 05-122136-5) |

Defendant Daniel Duane Stecker was convicted after a bench trial on stipulated facts of violating Penal Code section 290.013, subdivision (a),[1] a sex offender registrant who failed to report a change of address.  Defendant contends that the judgment must be reversed because he never had a statutory duty to register as a sex offender; instead, his registration requirement arose in 2008 as part of a probationary sentence after a negotiated plea bargain.  We agree with defendant, and reverse the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

After a short bench trial before Judge Theresa Canepa, on November 21, 2013, defendant was convicted in Contra Costa County Superior Court of violating section 290.013, subdivision (a), a felony, failure to register a change of address or location, from on or about September 1 through December 28, 2011.  The parties acknowledged that the underlying facts were not in dispute, and defendant stipulated to the use and admissibility of the district attorney's trial exhibits rather than live testimony.

_____

[1] All statutory references are to the Penal Code unless otherwise stated.

1

The bench trial centered on what happened in San Luis Obispo Superior Court in 2008, and for this the trial court relied on the change of plea and sentencing hearings.

*The Underlying Plea and Sentence in San Luis Obispo County*

On April 7, 2008, defendant was charged in a two-count information with oral copulation with a person under 18, in violation of section 288a, subdivision (b)(1); and intercourse with a person under 18 and more than three years younger than defendant, to wit 16 years old, in violation of section 261.5, subdivision (c). It was alleged that the offenses were committed on September 8, 2007. Defendant was 20 years old at the time.

On September 8, 2008, defendant pleaded no contest to both counts of the information, pursuant to a negotiated disposition. Before he entered his change of plea, the following exchange took place between Judge Ernest Borunda and counsel:

"MR. MACKAOUI [defense counsel]: Well your honor, I believe we have a resolution of Mr. Stecker's case. The discussions have led to his understanding that if he were to enter a no-contest plea to both count 1 and count 2 of the complaint that he would be placed on felony probation. The matter would be referred to the probation department for report and recommendation on sentencing, with the understanding he would serve no more than one year in the county jail.

"It is his further understanding, your honor, that *he would—and by the agreement of the parties that during the period of probation, he would be required to register pursuant to Penal Code 290.* [(Emphasis added.)]

"The parties—this is going to be on the central discussion of the case. That is the offer that the People have made for quite some time and that it is his understanding that at the conclusion of the probation period or by agreement of the parties he would be allowed to come back and ask the court for relief under the registration requirements pursuant to Penal Code 290.

"There is no set agreement as to the amount of jail time. The other terms and conditions would be standard for cases of this type and he understands that if he were to fail probation and be sent to prison, the maximum penalty is three years, eight months."

The court asked the prosecutor to respond, which he did:

2

"MR. CADENA [prosecutor]:  Yes, your honor.  The only thing I would add is at the time of sentencing, People would be willing to put this on the record:  Mr. Stecker's registration could be for a lifetime.  However, after the five years probation if he were to come in we would not oppose the court, following successful probation, excluding him from registering under Penal Code 290.  The reason we'd like the language that way is it puts the burden on Mr. Stecker to come in and take a proactive role and show the People he has been successful and he has been rehabilitated.

"We believe that is the state of law as well as the *Hofsheier* matter as well as the *Garcia* matter.  However I don't have a citation for the court. . . ."

At this point, defense counsel interjected and provided the court the case names and cites on the record.[2]

Before he accepted the no contest pleas, Judge Borunda advised defendant:

"THE COURT:  . . . We are going to send this out for a report but the attorneys have already evidently agreed there is going to be a minimum or maximum of five years felony probation.  It is going to be five years you are going to be put on probation.  Do you understand that?"

"THE DEFENDANT:  Yes, sir.

"THE COURT:  And the people indicated they are going to argue between 270 days and 360 days in the county jail.  Do you understand that?

"THE DEFENDANT:  Yes, sir. . . .

"THE COURT:  All right.  There is a one-year lid.  It cannot go over 360 days. They cannot go over the 360 at this point in time.  That has nothing to do with future if you have any violations.

"Okay.  In addition to that, the law requires that you register under 290.  We have new case law that has come down that seems to suggest, and I think it does suggest, if there is relief from that under certain circumstances, the attorneys have both said if you

---

[2] The prosecutor was referring to *People v. Hofsheier* (2006) 37 Cal.4th 1185, overruled by *Johnson v. Department of Justice* (2015) 60 Cal.4th 871; and *People v. Garcia* (2008) 161 Cal.App.4th 475.

are successful for five years, you can come into the court and petition to be relieved of that responsibility.

"Now, petitioning is a right that you are given under this agreement but what the outcome is is completely up to the court at that point in time, and also up to any changes in law that may occur. You need to understand that. Do you understand?

"THE DEFENDANT: Yes, sir.

"THE COURT: Okay. So it is not a lock. I don't want you to walk out of here thinking in five years if I'm a great guy I'm out of this registration issue because it is not a lock. You have to earn it. And I think [the prosecutor] put it very well when you said that, you do have to earn it. Okay?

"THE DEFENDANT: Yes, your honor."

The court then accepted the plea.

Defendant was sentenced in San Luis Obispo County on December 16, 2008, by Judge Ginger E. Garrett. Defense counsel addressed the court at the beginning of the hearing, apparently with regard to the probation report:

"MR. MACKAOUI [defense counsel]: . . . The rest of the report is in understanding that the court is going to place [defendant] on a five-year felony grant of probation. *The understanding is there is going to be a registration requirement as a condition of that probation.* But that if he's successful on probation, he could come back to the court and petition to seek relief from that. That was the offer from the People and I think that was his understanding when he entered the plea. [(Emphasis added.)]

"The rest of the terms of probation appear to be pretty much in accord with what this type of charge normally would have."

The prosecutor addressed the court about various matters relating to sentencing (and unrelated to this appeal), and did not respond to or contradict any of defense counsel's statements about the section 290 registration requirement as a condition of probation.

The court, without further comment or question on the section 290 registration requirement, then sentenced defendant:

4

"THE COURT: I'll indicate I've read and considered the report. The imposition of sentence is suspended for five years.

"Mr. Stecker, I'm placing you on formal probation, you're to serve 270 days in county jail beginning December 30, 2008, at 8:00 a.m. You're to receive credit for 12 days.

"I'm imposing the registration requirement. And as discussed when you entered your plea, and again today, *you can petition the court to have that requirement removed if you don't have any other law violations at the end of your probationary period*. I can't make any promises about whether it will be removed at that time, but you are in a position to make that request. [(Emphasis added.)]

"You're to contact probation within 72 hours of your release from custody. You're to comply with all of the terms and conditions of probation; including no alcohol, no illegal drugs.

"Sir, have you gone over all these terms and conditions with your attorney?

"THE DEFENDANT: Yes, your honor.

"THE COURT: And are you agreeing to abide by the terms and conditions?

"THE DEFENDANT: Yes, your honor.

"THE COURT: I'm entering no contact orders for both of the victims. . . . It would be a violation of this protective order to own or posses[s] any firearms.

"Do you understand the terms of the protective orders, sir?

"THE DEFENDANT: Yes, your honor. . . .

"THE COURT: . . . Mr. Stecker, I hope you get it now. I don't think you got it the first time. I hope you get it this time that this is not any kind of conduct that you can engage in again, or, really, there's no one [sic] more places for you to go and you'll put yourself right into state prison in all probability if this kind of behavior occurs again. [¶] Do you understand that, sir?

"THE DEFENDANT: Yes, your honor.

"THE COURT: All right. Good luck to you."

The Order of Probation signed by Judge Garrett sets forth the terms and conditions of probation.  It is a printed four-page form.  Among the items "x'd" is item 7a. , which requires defendant to "[r]egister pursuant to: [¶] Penal Code Section 290 (sex offender) . . . ."  On the last page of the form is defendant's signature, stating that "I have read and understand the terms and conditions of my probation and will receive a copy of the Order."

*Defendant Fails to Register in Contra Costa County in 2011*

It was undisputed at the bench trial in Contra Costa County that defendant complied with the section 290 registration requirements in San Luis Obispo County, and later, when he moved to Pleasant Hill, in Contra Costa County, until sometime in September 2011.  A woman from whom defendant had been renting a room went to the Pleasant Hill police station to report that defendant had moved out of his last registered address in Pleasant Hill, allegedly without paying rent.  A Pleasant Hill police officer determined that defendant was on probation in Contra Costa County, subject to updating his section 290 registration, and that he had not done so.  The police officer contacted defendant's Contra Costa County probation officer, and a probation violation warrant was issued.  Defendant was arrested on this warrant in San Francisco on December 19, 2011.

*This Felony Case Is Filed in Contra Costa County*

On December 28, 2011,  the Contra Costa County District Attorney filed a felony complaint against defendant for failure to register change of address location (§ 290.013, subd. (a)), which set in motion the eventual trial and judgment in November 2013 that is now the subject of this appeal.[3]

---

[3] The original Contra Costa County complaint was dismissed after preliminary hearing, by Judge Nancy Davis Stark, who concluded that "this case has a jurisdictional problem in that it should not have been charged at all," and defendant "could only be revoked on his probation, but failure to file—to register cannot constitute [a] new offense."  Judge Stark stated that this "court will not make a holding order, and it's not based on insufficiency of the evidence."  Another superior court judge (Judge John Laettner) then granted the prosecution's motion to reinstate the complaint pursuant to section 871.5.  A second preliminary hearing was held and defendant was held to answer. Defendant filed a motion pursuant to section 995 to dismiss the information on the

Defendant agreed to a bench trial and stipulated to all relevant facts. Judge Canepa, the trial judge in Contra Costa County noted, "This Court is not an Appellate Court. This Court has absolutely no jurisdiction to invalidate an order of the San L[uis] Obispo court, whether lawful or unlawful, because there are other remedies that Mr. Stecker has for that and that he potentially still has for that. Those are on habeas. [¶] But in terms of this Court sitting as an Appellate Court, this Court is not going to do that. It does not have the jurisdiction. I am not going to violate that rule by—which says that I have to grant comity to that ruling. . . ." Later Judge Canepa stated, "I consider the order of the San L[uis] Obispo court an order that this Court must acknowledge. I cannot overturn that order. [¶] And if the defendant was required to register, which he was by virtue of all of the transcripts I read, and he failed to do so, then you're asking this Court to ignore a violation of the law." Judge Canepa found defendant guilty as charged for failing to report a change of address pursuant to section 290.013, subdivision (a).

By this point, defendant's probation had been transferred to San Francisco County, and was scheduled to expire on December 16, 2013. Judge Canepa agreed to postpone sentencing until after defendant's probation matter would be resolved in San Francisco.

On April 4, 2014, Judge Canepa heard and denied defendant's motion for new trial. It was a subject of some discussion at the motion for new trial and at the sentencing that followed that defendant's underlying probation had been terminated in San Francisco County Superior Court, and he was no longer required to register as a sex offender under section 290. Judge Canepa made clear that she was not basing her denial of motion for new trial or her sentence on what had happened in San Francisco Superior Court. She stated:

---

ground that the failure to register could only be a probation violation, not a separate charge, which was denied on February 15, 2013. Defendant filed another motion to dismiss, after receiving a transcript of the sentencing hearing from the San Luis Obispo case, which was also denied. We summarily denied a petition for a writ of prohibition. (*Stecker v. Superior Court of Contra Costa County*, No. A139213.) All of this happened before the bench trial in this case presided over by Judge Canepa.

7

"Well, [the registration requirement] was ended by the San Francisco court.[4] However, it's been a contention that he has had that 290 registration since it was imposed by the court in San L[uis] Obispo. And it was under that probation that he violated in Contra Costa County, he had that requirement to register, because clearly he was late on it. But he did go to do so in San Francisco, as I understand it. [¶] So the fact that the San Francisco court has now terminated, I don't think is dispositive. So I'm imposing it."

Judge Canepa then pronounced sentence. Imposition of sentence was suspended, and defendant was placed on probation for three years, with various terms and conditions, including that he serve 105 days in the county jail, credit for time served of 60 days, and the remainder to be served on electronic home detention program. He was required to register pursuant to section 290 for the rest of his life.

This appeal followed.

## DISCUSSION

The sole issue on appeal is whether defendant's prior duty to register as a sex offender was a statutory duty under the Sex Offender Registration Act, or whether it was a negotiated condition of probation. If it was the former, both sides agree that he could be charged with a felony violation of failing to register, and the Contra Costa conviction stands. If it was the latter, a failure to register could only be a violation of probation, and the Contra Costa conviction must be reversed.

---

[4] We do not have the record of the San Francisco probation hearings, and they are in any event not dispositive. It appears from the record of the Contra Costa proceedings that defendant (represented by the San Francisco Public Defender) made a "Motion to Remove Probation Registration Requirement per Plea Agreement," which motion was unopposed and granted in San Francisco Superior Court in early December 2013, without the San Francisco trial court knowing that defendant had suffered a conviction in Contra Costa County on the failure to register charge. Although the record is not clear, apparently the district attorney in San Francisco made a motion to reconsider the San Francisco trial court's ruling. At the Contra Costa County District Attorney's request, sentencing in Contra Costa was postponed until the San Francisco matter was concluded, but, as we have noted, Judge Canepa ultimately stated that the San Francisco disposition did not affect her ruling or sentence.

8

The facts are undisputed as to Stecker's conviction and sentencing in San Luis Obispo. This appeal presents a mixed question of law and undisputed fact. (*People v. Cromer* (2001) 24 Cal.4th 889, 894 ["[m]ixed questions are those in which the 'historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the facts satisfy the [relevant] statutory . . . standard, or to put it another way, whether the rule of law as applied to the established facts is or is not violated' "].)

We review questions of pure law and statutory interpretation de novo. (*People v. Jones* (2001) 25 Cal.4th 98, 107-108.) Where a mixed question of law and fact requires an appellate court to " ' " 'consider legal concepts in the mix of fact and law and to exercise judgment about the values that animate legal principles, then the concerns of judicial administration will favor the appellate court, and the question should be classified as a legal one and reviewed de novo.' " ' " (*Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 801.)

*The Statutory Framework*

The Sex Offender Registration Act requires that individuals convicted of certain crimes register as sex offenders under the act. (§ 290, subd. (c).) As to other offenses, the trial court is vested with discretion to impose the registration requirement "if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification." (§ 290.006.) Before a trial court can impose the discretionary registration requirement, the statute requires that it "shall state on the record the reasons for its findings and the reasons for requiring registration." (*Ibid.*) As we have seen, the trial court in San Luis Obispo County did not follow this two-step process.

Whether registration is mandatory or discretionary, once the court imposes registration, the same statute imposes the same lifetime obligations as to when to register and where. (§§ 290, 290.006, 290.013.) This includes, among other requirements, that the registrant notify law enforcement about a change of address (§ 290.013), and annually provide current information to the police department in the registrant's place of residence (§ 290.012).

9

After mandatory or discretionary registration is imposed on a defendant, the statute provides for limited proceedings for relief from the lifetime registration requirements for defendants convicted of certain crimes. To this end, section 290.5 establishes certain prerequisites including successfully petitioning for a certificate of rehabilitation, which in defendant Stecker's case could not be issued until long after his probation expired. (See § 4852.03, subds. (a)(2) and (a)(3).)

*The Sentence Imposed in San Luis Obispo County*

It remains for us to determine whether the trial court in San Luis Obispo County imposed a statutory duty to register pursuant to section 290.006. We conclude it did not.

It is undisputed on appeal that at the time of his change of plea and sentencing, the two crimes for which Stecker was convicted were not subject to mandatory sex offender registration. Stecker's conviction for intercourse with a minor under section 261.5, subdivision (c) is not included in section 290, subdivision (c). Further, at the time he was convicted of oral copulation with a 16-year-old minor under section 288a, subdivision (b)(1), that crime was subject to *discretionary* but not mandatory registration. (*People v. Hofsheier, supra,* 37 Cal.4th at pp. 1207-1209.)

The record is clear—and undisputed by the Attorney General—that the San Luis Obispo county trial court did not engage in or comply with the two-step process required by section 290.006 for imposing a discretionary registration requirement. There was no determination at the time Stecker was sentenced that he committed the offenses as a result of sexual compulsion or for purposes of sexual gratification, nor was a statement of reasons given on the record for requiring registration, all of which is required by section 290.006 for discretionary registration.

It is also undisputed that the "relief" that was afforded to defendant by the sentencing court in San Luis Obispo—that he could ask the court to relieve him of the duty to register at the end of his term of probation—finds no authority in the sex offender registration statutory scheme. There is one way to be relieved of the registration requirement, and that is by the procedure set forth in section 290.5, as we described above.

10

So what does the record show happened when Stecker changed his plea and was sentenced in San Luis Obispo Superior Court?

*People v. King* (2007) 151 Cal.App.4th 1304 (*King*) is instructive because it addressed the same issue we face in this appeal. Defendant King pled no contest to one count of unlawful sexual intercourse with a minor (§ 261.5) in exchange for a five-year grant of probation with various terms and conditions, including that he register as a sex offender during the probationary period. King was convicted of two offenses which, as in Stecker's case, were subject to discretionary sex offender registration requirements. About four years later, a new felony complaint was filed against King for violating the registration requirements of section 290, subdivision (a)(2)(E)[5] for failing to register a change of address. King argued that his obligation to register as a sex offender was only as a condition of probation for a nonregistrable sex offense, and that his failure to register could not be the basis of a conviction for violating section 290.

The Court of Appeal in *King* agreed with defendant, concluding that while "the trial court could have imposed a registration requirement pursuant to section 290, subdivision (a)(2)(E), the record establishes that it did not." (*King*, *supra*, 151 Cal.App.4th at p. 1308.) The court reasoned that under section 290, subdivision (a)(2)(E), the registration requirement was " 'for the rest of his or her life' " and yet the trial court limited King's registration requirement to the five-year period of his probation. Further, section 290 required that before imposing a discretionary registration requirement, the trial court had to undertake a two-step process of finding that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification, and stating on the record the reasons for its findings and for requiring registration. The trial court did not make these required statutory findings in imposing sentence on King. The Court of Appeal wrote, "We presume that the trial court was aware of and correctly applied the applicable law (*People v. Coddington* (2000) 23

---

[5] According to the Attorney General, this section has now been renumbered section 290.006.

11

Cal.4th 529, 644, disapproved on other grounds in *Price v. Superior Court* (2001) 25 Cal.4th 1046, 1069, fn. 13) and that, had it intended to impose a registration requirement under section 290 . . . it would have imposed a lifetime requirement in the required fashion." (*King*, *supra*, 151 Cal.App.4th at pp. 1308-1309.) The Court of Appeal concluded that the registration requirement was not imposed under the statutory provisions of section 290, but rather as a condition of probation, noting that a trial court has broad discretion to impose conditions of probation that "foster rehabilitation of the defendant and protect the public and the victim." (*Id.* at p. 1309.)

In addition, the court in *King* looked to the record where the trial court advised King of the consequences of his plea. King was told he was facing " '[f]ive years probation, five years of registration.' " The trial court told defendant the possible consequences of violating probation (" 'two years, nine months in state prison that I can impose upon you' "), but the trial court "did not suggest that a violation of one of the conditions of probation, the registration requirement, would constitute a new felony offense, and [King] did not agree to any such condition." The court summed up: "A discretionary registration requirement under section 290 . . . may not be grafted onto a plea bargain when it was not included in the agreement." (*King, supra,* 151 Cal.App.4th at p. 1309.)

Without question, Stecker's sentencing in San Luis Obispo County was not as clear as the sentencing in *King*. But on these facts we reach the same conclusion as the court did in *King*. We, too, presume the trial court in San Luis Obispo was aware of the applicable law and applied it correctly. If the trial court had intended to impose a statutory duty to register, it would have made the statutory findings required by section 290.006 before imposing this requirement. It did not do so, either when it accepted the terms of the plea agreement or at the sentencing hearing. Further, defense counsel reiterated at the sentencing hearing that the registration requirement would be "as a condition of that probation." The prosecution did not dispute this characterization, nor did the sentencing court. The trial court could not—and did not—graft a discretionary

12

registration requirement under section 290.006 onto the parties' plea bargain. (See *King, supra,* 151 Cal.App.4th at p. 1309.)

Of course in *King*, unlike here, the trial court explicitly limited the registration requirement to King's five-year period of probation. In the matter before us, Judge Garrett, the sentencing judge, told Stecker that he could petition the court to have the registration requirement removed if "you don't have any other law violations at the end of your probationary period." Judge Garrett's discussion of the hybrid mechanism by which defendant could relieve himself of the registration requirement, while not a model of clarity, does not comport with or describe the statutory provisions for relief from the registration requirement for section 290 registrants that we discussed above. Put another way, the San Luis Obispo court created a mechanism for relief from the registration requirement that was statutorily unavailable. It was as equally at odds with the statutory lifetime registration requirements as was the mechanism in *King*, which permitted King to be relieved of registration after five years. This is a further indication that the registration requirement here was fashioned as part of the court's broad authority to set terms of probation, and not because Stecker had a statutory duty to register under section 290.006.[6]

The Attorney General contends that defendant forfeited his right to object to the San Luis Obispo County trial court's non-compliance with the statutory fact finding requirements of section 290.006 by not appealing it. This contention misses defendant's point: the registration requirement was an agreed-upon term of probation as part of a plea agreement; it was never understood to be the statutory imposition of a discretionary section 290 registration. There was no reason for defendant to appeal what he (and his counsel) understood was a term of probation, not the imposition of a discretionary registration requirement under section 290.

---

[6] We need not address that the trial judge appeared to leave open the possibility that a term of probation could extend beyond the maximum statutory period of probation. This issue never arose because the San Francisco Superior Court eventually terminated Stecker's probation and the original registration requirement.

13

Equally without merit is the Attorney General's argument that it is "significant" that when defendant complied with the registration requirements in the years after his sentence, he signed form documents indicating that his registration requirement was for a lifetime. Defendant correctly points out that the use of pre-printed forms and notices is simply reflective of and consistent with his compliance with the when, where, and how requirements of registration until such time as he was relieved of the duty to register. More practically, there is no evidence in the record that there was any way Stecker could have complied with the ongoing registration requirements imposed as a term of his probation other than using the pre-printed forms presumably provided by law enforcement agencies. The use of pre-printed forms which reference section 290 cannot create a discretionary registration duty after the fact.

The Attorney General also claims that it is "telling" that the trial court addressed conditions of Stecker's probation separately from the registration requirement at sentencing. This is not a fair reading of the transcript.

*The Contra Costa County Conviction*

Having found that there was no statutory duty to register under section 290, the next issue is whether the conviction in Contra Costa County can stand. This issue is readily addressed. The linchpin of the conviction in Contra Costa County was defendant's violation of section 290.013, which depended on the conclusion that defendant had a statutory duty to register. The Attorney General's entire argument (and the Contra Costa County prosecution itself) depended on the conclusion that defendant had a statutory duty to register as a sex offender pursuant to section 290.006. Because we find he did not, and indeed that he never had a statutory duty to register, he could not have committed a felony violation of the Sex Offender Registration Act and the judgment of conviction in Contra Costa County must be reversed.

DISPOSITION

The judgment is reversed.

14

_____

Miller, J.

We concur:

_____

Richman, Acting P.J.

_____

Stewart, J.

15