Filed 9/30/20  P. v. Tsuha CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>  v.<br><br>JOHN TSUHA,<br><br>       Defendant and Appellant. | B305194<br><br>(Los Angeles County<br>Super. Ct. No. PA026562) |

        APPEAL from an order of the Superior Court of Los Angeles County, Cynthia L. Ulfig, Judge.  Affirmed.

        Richard B. Lennon and Jill Ishida, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

_____

## FACTUAL AND PROCEDURAL SUMMARY

In April 1993, John Tsuha was convicted by plea of four counts of second degree robbery (Pen. Code,[1] § 211) with an enhancement for personal use of a dangerous or deadly weapon pursuant to former section 12022, subdivision (b), as amended (Stats. 1989, ch. 1284, § 2, pp. 5058–5059). The court sentenced Tsuha to six years in prison.

In 1994, the California Legislature and electorate separately enacted the "Three Strikes" law. (Stats. 1994, ch. 12, pp. 71-75 [amending section 667, effective March 7, 1994]; Prop. 184, as approved by voters, Gen. Elec. (Nov. 8, 1994) [enacting section 1170.12].)

In August 1997, a jury convicted Tsuha of four counts of second degree robbery (§ 211) and one count of evading a peace officer with willful and wanton disregard for the safety of persons or property (Veh. Code, § 2800.2, subd. (a)). The jury also found true allegations that he used a deadly weapon in the commission of a robbery, pursuant to former section 12022, subdivision (b)(1), as amended (Stats. 1997, ch. 377, § 8, pp. 1948-1949), and that he had been previously convicted of a serious felony and four strike priors (§§ 667, subds. (a) & (c), 1170.12, subd. (a)). He was sentenced under the Three Strikes law and section 667, subdivision (a) to prison for 31 years to life. This court affirmed the judgment in July 1998. (*People v. Tsuha* (July 21, 1998, B116172) [nonpub. opn.].)

On January 9, 2020, Tsuha filed a motion for modification of his sentence under section 1016.8, subdivision (a)(4). Tsuha argues that his 1993 convictions should be vacated because at the time he entered into his plea agreement he could not have known

---

[1] Unless otherwise specified, subsequent statutory references are to the Penal Code.

that his convictions would expose him to increased sentences for future crimes under the subsequently enacted Three Strikes law. He contends that, because the 1993 convictions should be vacated, he should be resentenced for his 1997 convictions without regard to the Three Strikes law.

On January 31, 2020, the court denied the motion.

Tsuha timely appealed.

We appointed counsel for defendant, who filed a brief raising no issues on appeal. (See *People v. Cole* (2020) 52 Cal.App.5th 1023, 1034, petn. for review pending, petn. filed Sept. 4, 2020, S264278; *People v. Serrano* (2012) 211 Cal.App.4th 496.) Counsel had informed Tsuha that she intended to file a brief stating that she found no arguable issues and that Tsuha has the right to file a supplemental brief. Counsel also provided Tsuha with the record on appeal and a copy of her brief. Counsel stated that she remains available to brief any issues upon our request.

Tsuha filed a supplemental brief contending that his waiver of rights in his 1993 plea agreement were not made voluntarily and intelligently as required by *Boykin v. Alabama* (1969) 395 U.S. 238, 242–244, and *In re Tahl* (1969) 1 Cal.3d 122, 132.

## DISCUSSION

Tsuha's motion sought relief under section 1016.8, subdivision (a)(4). That statute, which the Legislature enacted in 2019, provides: "A plea bargain that requires a defendant to generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea is not knowing and intelligent." (§ 1016.8, subd. (a)(4).) This provision is complemented with subdivision (b) of the same statute, which provides: "A provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate

3

decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy." These provisions have the effect of voiding a waiver of the benefits of subsequent ameliorative changes in the law that would otherwise apply to the defendant.

There are several problems with Tsuha's argument. First, he did not provide the trial court or this court with the terms of his plea agreement and we cannot, therefore, determine whether the agreement includes the waiver that section 1016.8 declares void as against public policy.

Second, although section 1016.8 applies retroactively to cases not yet final on appeal (*People v. Barton* (2020) 52 Cal.App.5th 1145, 1153), Tsuha's judgment has long been final.

Third, even if section 1016.8 applies to his plea agreement, it does not support Tsuha's argument because he is not seeking to obtain the *benefit* of changes in the law that postdate his 1993 plea and conviction. Rather, he is seeking to avoid the *adverse* effect of a post-plea change in the law, namely, the enactment of the Three Strikes law. It is well-established that convictions based on guilty pleas that predate enactment of the Three Strikes law can enhance sentences imposed under that law. (See *People v. Gipson* (2004) 117 Cal.App.4th 1065, 1068–1070; *People v. Sipe* (1995) 36 Cal.App.4th 468, 476–479.) Nothing in section 1016.8 alters that principle. The court, therefore, did not err in denying Tsuha's motion.

Tsuha contends in his supplemental brief that his waiver of rights in his 1993 plea violated his rights under *Boykin v. Alabama*, *supra*, 395 U.S. 238, and *In re Tahl*, *supra*, 1 Cal.3d 122. To the extent he is referring to a waiver other than a waiver of future beneficial changes in the law described in section 1016.8, the claim was not cognizable in a motion to the trial court filed after his judgment became final. (See *Lewis v. Superior Court* (2008)

4

169 Cal.App.4th 70, 77 [generally, trial court has no authority to entertain a motion after the judgment is final].)  Because the issue was not properly raised below, we do not address it on appeal.

We are satisfied that Tsuha's counsel has fulfilled her responsibilities (see *People v. Cole*, *supra*, 52 Cal.App.5th at p. 1038, petn. for review pending, petn. filed Sept. 4, 2020, S264278) and conclude that the appeal raises no arguable issues.

## DISPOSITION

The trial court's January 31, 2020 order is affirmed.
NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:


CHANEY, J.


SINANIAN, J.*

---

&ast; Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.